Louisville and Nashville Railroad Company vs. Wainscott.

CASE 45—PETITION ORDINARY—JANUARY 25.

# Lou. and Nash. Railroad Co. vs. Wainscott.

### APPEAL FROM WARREN CIRCUIT COURT.

1. The railroad company is not responsible for the value of a mule, which passed through a gap in the fence near the railway, jumped on the track, only about fifty yards ahead of the locomotive, and was killed by an inevitable collision, there being no proof of negligence, unskillfulness, defective machinery, or recklessness.

2. Had the mule been on the railroad track far enough ahead to enable the engineer, by proper means, to stop the locomotive before it reached the animal, or to have enabled him to retard the train's progress until the mule could have been driven out of all danger of collision, it was his duty *to see and save the mule*, and, for failing to do so, the railroad company would have been responsible for its value.

J. R. UNDERWOOD,                                        For Appellant,

CITED—

2 *Met.*, 184; *Lex. and Frank. R. R. Co. vs. Ballard.*

J. P. BATES,                                        For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In the regular running of the appellant's train, with ordinary speed, near Bowling Green, the appellee's mule was killed. In this action for damages for that act, alleged to have been reckless and wrongful, the jury, on an issue involving the question of negligence, returned a verdict for one hundred and seventy-five dollars; and the court, overruling a motion for a new trial, rendered a judgment for the damages so assessed.

The railroad is both exceedingly useful to the public and peculiarly dangerous to individual persons and

property.  In the running operations of a motive power so tremendous and difficult to control, so as to secure persons and property from incidental damage, always imminent, the law prudently implies an undertaking by the company to observe a *corresponding* degree of care, skill, vigilance, and fidelity; and, for damage resulting from the non-observance, in any respect, of this legal diligence, the law justly holds the company responsible to the extent of full reparation.

In this case the appellee, having proved the killing of the mule and its value as his property, the appellant proved that the locomotive, with its train, was running, on a down grade, at night, with the velocity of twenty miles an hour, supplied with a good lamp-light ahead; that the mule, which had passed through a large gap in the fence near the railway, jumped on the track only about fifty yards ahead of the locomotive; and that, as soon as seen there or elsewhere by the engineer or any other employee on board, every possible effort was made, by putting down the breaks and otherwise, to arrest the speed of the train and avoid any conflict with the mule; and that the mule, remaining on the track, was run over and killed by an inevitable collision; and there is no other testimony tending to prove negligence, unskillfulness, defective machinery, or recklessness.

Upon the pleadings and facts, as exhibited in the record, it seems to us that the verdict was unauthorized by the evidence and law.

The court also erred in instructing the jury that it was the engineer's duty so carefully and watchfully to look in advance of the locomotive as "*to be sure* there was no obstruction to the train upon the track."

According to the proof, the exercise of even such constant vigilance could not have prevented the collision with the mule.

Had the mule been on the track far enough ahead to enable the engineer, by proper means, to stop the locomotive before it reached the animal, or to have enabled him to retard the train's progress until the mule could have been driven out of all danger of collision, it was his duty *to see and save it ;* and, for failing to do so, the appellant would have been responsible for the value of the mule. But the actual is not the hypothetical case; it is, in every vital element, essentially different from it, and manifests neither negligence nor unskillfulness.

On the instruction and the evidence, we are of the opinion that the appellant was legally entitled to a new trial, and that the death of the mule was more the fault of the appellee than of the appellant.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.