THE PEORIA, PEKIN & JACKSONVILLE R. R. CO.

*v.*

JOHN R. CHAMP.

75  577
42a 439
75  577
66a 148
75  577
e88a 686

1. NEGLIGENCE — *killing of horse allowed to run at large contrary to law*
The owner of a horse, who voluntarily permits the same to run at large.

73—75TH ILL.

contrary to the law in force in the county, cannot recover of a railway company for the killing of the same by one of its trains upon the ground that such company has failed to fence its track at the place where the animal is killed.

2. In such a case, where the plaintiff is guilty of contributory negligence, the railway company will not be relieved from its duty to observe all reasonable precautions to prevent injury to the property of the plaintiff.

3. SAME — *railroad company not bound to stop train because an animal is seen near the track.* The law imposes no obligation upon those in charge of a train of cars to stop the same upon discovering an animal grazing near the railway track, in anticipation it may get upon the track and be injured, and a failure to do so is not negligence.

APPEAL from the Circuit Court of Peoria county; the Hon. LYMAN LACEY, Judge, presiding.

This was an action originally commenced by the appellee against the appellant, before a justice of the peace, to recover the value of a horse killed by the appellant. The opinion of the court presents the material facts of the case.

Messrs. JOHNSON & HEWITT, for the appellant.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

At the date plaintiff's horse was killed, it was unlawful for domestic animals to run at large in Peoria county, where the accident occurred. Sess. Laws 1872, p. 116.

Notwithstanding this fact, he turned his horse out upon the commons, adjoining his premises, and from thence it escaped over uninclosed lands of other persons, to the track of the railroad, where it was struck by a train and killed. No fence had been erected on either side of the track, although it was the statutory duty of the company to have erected suitable fences, unless it had been relieved by the agreement of the adjoining proprietors, of which there is no evidence in the record.

On this state of facts, the question arises, whether the company is responsible for the value of the animal killed, if it is

shown its servants observed every reasonable precaution to avoid the accident.

It was contrary to the provisions of the statute for plaintiff to turn his horse upon the commons, and, therefore, unlawful. There was nothing to prevent it from getting from thence upon the railroad. Of this fact he was well aware, for it occurred near plaintiff's residence, and he was, of course, familiar with the locality. By the voluntary, unlawful act of the plaintiff, his horse was trespassing on the right of way of the company, and this fact must be imputed to him as negligent care for the safety of his property. Had the horse escaped from his inclosure against his will, and he had used all reasonable diligence to recapture it, the case would have been within the rule in *C. & N. W. R. R. Co.* v. *Harris*, 54 Ill. 528. In that case it was unlawful, by a local ordinance, for plaintiff to permit his horses to run at large, but the decision is placed on the distinct ground, the escape from his private inclosure was involuntary on his part, and that he made reasonable efforts to reclaim them soon after their escape, but was unsuccessful.

Although plaintiff in this case was guilty of contributory negligence, by his unlawful act in turning his horse upon the commons, where he knew it could escape over lands not his own, upon the railroad, this fact did not relieve the company from the duty to exercise proper care, and observe all reasonable precautions to avoid the accident.

Assuming the burden of proof was upon the railroad company, we think it is proven its employees did every thing in their power, after the danger was discovered, to prevent injury to plaintiff's property. The train was within a few hundred yards of the station, and was moving at a low rate of speed. All the witnesses agree the horse was grazing quietly near the railroad, until the train was nearly opposite, when it suddenly came upon the track in front of the engine. As soon as it was discovered the horse was coming upon the track, the engine-driver did every thing he could to stop the train in time to avoid

a collision, but was unsuccessful. The horse was partially blind, and, as the witnesses describe it, seemed to become bewildered, and ran directly toward the train. The whole thing occurred in an instant.

The engine-driver may have seen the horse grazing near the railroad, not many yards distant, but it was not his duty to stop his train by reason of that fact. He could not anticipate the horse would suddenly come upon the track. Under such circumstances, it would be an unreasonable regulation to require him to stop his train, and the law has imposed no such obligation. It is proven the company's employees did every thing in their power, after it was discovered the horse was in danger, to avoid the injury. The finding of the court was, therefore, contrary to the law and the evidence.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*