### EDWARD CAMPAU v. JOHN KONAN.

*Notice—Pasture in highways—Replevin for distrained animals.*

The knowledge of an agent who has sufficient authority to institute an action based upon it, charges his principal with notice of all the facts under which he acts.

There is no common of pasture in highways.

Replevin must be brought under Comp. L., ch. 214, to test the validity of a distress of cattle taken *damage feasant;* but a mere unfounded claim that they had been so distrained in good faith will not defeat a general action of replevin.

Error to Wayne. Submitted June 21. Decided Oct. 15.

REPLEVIN. Plaintiff brings error.

*Charles C. Stewart* and *Henry M. Cheever* for plaintiff in error. One who distrains cattle under a statute must

strictly comply with it or he is a trespasser, *Morse v. Reed,* 28 Me., 481; *Adams v. Adams,* 13 Pick., 384; *Sherman v. Braman,* 13 Metc., 407; *Merrick v. Work,* 10 Allen, 544; *Donovan v. Vicksburg,* 29 Miss., 247; *McNeeley v. Hunton,* 24 Mo., 281; *Bayliss v. Lefaivre,* 37 Mo., 119; *Sutton v. Beach,* 2 Vt., 42.

*Wisner & Speed* for defendant in error.

MARSTON, J. Plaintiff in error brought an action of replevin under chapter 213 of the Compiled Laws to recover possession of certain horses. It appeared upon the trial that the horses had been permitted to run upon the highway; that they had broken into defendant's cornfield; that he had taken and shut them up in his barn, there being no public pound in that township; that he had reported the taking up of the horses to a justice of the peace and had posted notices of their seizure and sale. The proceedings on the part of the defendant it is not claimed were in accordance with the statute, but were defective; but the defense raised was that the action should have been commenced under and in accordance with the provisions of chapter 214 of the Compiled Laws, and the court so held.

Several errors are assigned, and which will be noticed, so far as deemed necessary, although not in the same order as presented in the brief of counsel.

*First.* That the court erred in refusing to charge the jury that there was no evidence tending to show that plaintiff knew at the time of the commencement of the suit that defendant claimed to have taken the horses for trespassing, and in charging that if he did know defendant had so taken them, the latter would be entitled to recover the value of keeping them.

The only evidence introduced tending to show that plaintiff did have such knowledge was that the horses were taken up by defendant on October 24th, and on the same day notices were posted, describing the horses,

and that they had been trespassing upon the premises of defendant; that one of these notices was posted upon the office door of F. F. Campau, a son of the plaintiff; that on October 27th this son of plaintiff went to defendant's, saw the horses and inquired what they had done; that he returned the next day, claimed the horses and wanted to make an agreement with defendant as to their release, and that he afterwards made and swore to the affidavit, for and on behalf of the plaintiff, which was attached to the writ of replevin issued as commencement of this suit.

In my opinion this was sufficient evidence to go to the jury as tending to show knowledge on the part of the plaintiff. If the plaintiff's son had sufficient authority to commence the action by making the requisite affidavit, without any special directions from his father, in my opinion the information which he had previously obtained, would be binding upon his principal. If he communicated the information he received and was specially authorized to commence this action, still he could not close his eyes to any part of the information he had obtained. If he put the law in motion from the information he had gained from defendant and his acts, he could not, nor could the person who availed himself of his agency in the commencement of the action, avail himself of a part and refuse to recognize other portions. If knowledge on the part of plaintiff that the horses were taken and held by defendant for trespassing upon his lands, would determine in what form or under which chapter the action should be commenced, and the person who made the requisite affidavit in commencement of the suit had such knowledge, the effect must be precisely the same. as though the knowledge had been brought home to the plaintiff, and his liability would be the same.

*Second.* It is said that the Act of 1867 (Comp. L., § 2027 et seq.) is inconsistent with the provisions of the Act of 1846, and that the latter (chapter 214) is thereby

repealed; and it is farther claimed that if defendant acted under the Act of 1867 he should have shown that it had been made operative by the board of supervisors.

We fail to discover anything in the Act of 1867 that could be considered as repealing those sections in chapter 214 which give the owner of beasts distrained the right to bring replevin. Whether authority could be conferred upon the board of supervisors, or any other body, to permit beasts to run at large upon public highways, may, to say the least, admit of considerable doubt. Upon principle the owner of lands adjoining the highway is entitled to the herbage growing thereon, and whatever rights the public may have in the highway, a common or pasture is not among them. Under another view of the case, however, this question is not important.

*Third.* The controlling question in this case relates to the right of plaintiff, under the facts, to bring replevin under the general statute relating thereto. The principal argument advanced in favor of the present action is that the proceedings of the defendant in distraining the horses in question and in the giving of notice were irregular and not in conformity with the provisions of the statute. Surely such cannot be the proper construction of this statute. If so it leads to this, that replevin should only be brought in accordance with the provisions of chapter 214 where the beasts have been lawfully distrained. Section 22, however, provides that if it shall appear upon the trial that the beasts were distrained without any sufficient or justifiable cause, the plaintiff shall recover his damages caused by their unlawful detention. One object of this special statute is to afford a remedy to test the legality or regularity of the defendant's proceedings in distraining them. A mere claim that beasts had been distrained where in fact they had not been, and the claim was but a mere pretense,— an afterthought,—would not defeat the plaintiff's right to maintain replevin under the general statute; but where the defendant has in good faith taken the cattle *damage*

*feasant,* then if the owner desires to bring replevin to test the legality thereof he must proceed under chapter 214. This question I consider as settled by the previous decisions in this State. *Johnson v. Wing,* 3 Mich., 163; *Hamlin v. Mack,* 33 Mich., 103.

The judgment should be affirmed with costs.

The other Justices concurred.