*Russell & Arritt, for appellant. Rountree & Lisle, for appellee.*

---

## LOUISVILLE & NASHVILLE R. R. Co. *v.* MARY A. GANOTE.

**Injury to Animals by Train.**

A railroad company is not liable for damages in killing animals when in view of all the circumstances and facts those in charge of the train did that which men of ordinary prudence would have done under the circumstances, having in view the safety of the train, speed and regularity in its running, and the safety of the stock.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

November 18, 1879.

OPINION BY JUDGE COFER:

Under the instruction given them the jury were required to find for the plaintiff, if at the time those in charge of the train discovered or should have discovered the position of the horses there was any danger, however slight, that they would be driven on to the bridge, unless those in charge of the train immediately used all

proper means to stop the train or to retard its progress until the horses could get off or be driven off the track.

We do not so understand the law. When those managing the train saw the horses, they were not bound to take steps to retard the progress of the train, unless in view of all the facts, and circumstances the distance between the train and the horses, and between the horses and the bridge, the character of the track, the ease or difficulty with which the horses might escape from the road on either side, and the probability from the nature of the animals that they would do so rather than run into the bridge, they ought to have regarded it as probable the horses would not leave the track.

When stock is on or near to a railroad track in front and in sight of a moving train, there is always some danger that it will remain on or come on the track and be injured, and to require trains to be stopped whenever such danger exists would unnecessarily and unreasonably interfere with railroad transportation, and that speed and regularity in the running of trains which the interest of the public and the safety of persons and property being transported by rail require.

It is the duty of those operating trains to look first to the safety of the train, and to this end they should watch the track before them as constantly as is consistent with the performance of other duties connected with the running of the trains, and they should also look out for stock so near to the track that it will probably run into it and thereby endanger the train, and when stock is injured the inquiry should be, not whether all possible effort was used to prevent such injury, but whether in view of all the facts and circumstances those in charge of the train did that which men of ordinary prudence would have done under the circumstances, having in view the safety of the train, speed and regularity in its running, and the safety of the stock.

The expression "by proper means," as used by the court in *Louisville & Nashville R. Co. v. Wainscott,* 3 Bush 149, is to be understood as meaning such means as men of ordinary prudence would have used under the circumstances. If such is not its meaning, then, as it was a mere dictum, and, as when applied to a case like this and cases generally where stock encroaches upon railroad tracks, it would lead to injustice to railroad companies, and to a hindrance of railroad travel and transportation, we should not hesitate to disregard it as not of binding authority.

Judgment *reversed* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*Littleton Cooke, for appellant.    B. H. Allen, for appellee.*

