ERASTUS L. NORTON v. WILLIS S. ROCKEY.

*Animals taken damage feasant — Waiver of notice to owner — Trover— Replevin—Assessment of damages—Trespasses ab initio.*

Trover will not lie for an animal taken *damage feasant* and detained by the injured party—there being no pound in the township—if the owner is notified, or otherwise ascertains the animal's whereabouts, and the cause of its detention within twenty-four hours, and refuses to pay reasonable damages. Comp. L. ch. 214.

Notice to the owner of an animal that it has been taken *damage feasant* and impounded, is waived by the owner if he discovers the facts within the time allowed for giving notice, and refuses to pay lawful damages.

A suit puts in question only such rights as existed when it was begun, and acts making defendant a trespasser *ab initio* must appear to have

been done before suit to justify striking out evidence that would otherwise establish a defence.

Replevin will lie for an animal detained by one who has taken it *damage feasant* if the amount of damages demanded is excessive ; or the owner is allowed to have the damages assessed by disinterested persons. Comp. L. §§ 6777, 6784.

Error to Eaton.   Submitted June 24.   Decided June 29.

TROVER.   Defendant brings error.   Reversed.

*Cobb & Baird* for plaintiff in error.   Trover will not lie for animals lawfully distrained though subsequent proceedings have been irregular:  *Johnson v. Wing* 3 Mich. 163 ; *Campau v. Konan* 39 Mich. 362 ; *Hamlin v. Mack* 33 Mich. 103 ; nor will trover lie at common law unless proper compensation has been tendered for damage done :  Addis. on Torts 669.

*Huggett & Shriner* for defendant in error.   One who distrains beasts doing damage, but does not comply with statutory provisions afterwards, becomes a trespasser *ab initio* and trespass or trover will lie for the distraint :  *Pratt v. Petrie* 2 Johns. 191 ; *Sackrider v. McDonald* 10 Johns. 253 ; *Merritt v. O'Neil* 13 Johns. 477 ; *Morse v. Reed* 28 Me. 481 ; *Adams v. Adams* 13 Pick. 384 ; *Sherman v. Braman* 13 Metc. 407 ; *Merrick v. Work* 10 Allen 544 ; *Donovan v. Vicksburg* 29 Miss. 247 ; *McNeeley v. Hunton* 24 Mo. 281 ; *Bayless v. Lefaivre* 37 Mo. 119 ; *Sutton v. Beach* 2 Vt. 42.

COOLEY, J.   Rockey sued Norton in trover for the conversion of a horse.   No question appears to have been made on the trial that Rockey owned the horse, but Norton claimed to have impounded him *damage feasant*, and he also insisted that the right to bring suit had been cut off by a sale of the horse on an execution against Rockey, which was levied subsequent to the impounding.

The evidence tended to show without dispute that Norton found the horse in his corn-field doing damage, and that he took him and put him into his barn.   The date when this

occurred is not shown. The horse was taken up towards night, and the next morning Rockey went to take it away. How he knew where to go for it does not appear. Norton did not know the horse when he took it up, and had given no notice. Rockey went into the barn, unhitched the horse and started to go away with it, when Norton stopped him and demanded a dollar for his damages. Rockey said he had but fifty cents and would pay no more. Thereupon Norton prevented his taking the horse away. The evidence tends to show that the damage done by the horse was more than Norton claimed. Rockey went away and brought suit, but the evidence does not show how soon.

The first question requiring notice is whether trover will lie on this state of facts. The statute (Comp. L. ch. 214) recognizes the right to impound beasts doing damage, and provides that if there shall be no public pound within the township, the beasts shall be impounded in some suitable place under the immediate care and inspection of the person impounding them. § 6773. The evidence tended to show there was no public pound in the township. The statute further provides that the person impounding shall within twenty-four hours give notice to the owner or person having the care and control of the beasts, if known and living within six miles of the place of impounding, which notice shall contain a description of the beasts and a statement of the time, place and cause of impounding. § 6774. The twenty-four hours had not expired when Rockey went to take his horse away, and so far as appears from the record Norton was then lawfully detaining the horse. What took place on that occasion accomplished all the purposes of the statutory notice, for it put Rockey in possession of all the facts, and when he went away refusing to pay the damages, he must be deemed to have waived the formality of notice.

If Rockey was dissatisfied with the sum demanded by Norton, the statute gave him a right to an assessment by disinterested persons, § 6777; or he might replevy the horse and have the damages assessed in the replevin suit. § 6784 *et seq.* But he was not entitled to bring trover because of the original impounding and refusal to deliver.

The circuit judge struck out all the evidence relating to the impounding. The reasons for this ruling are not stated in the record, though it is inferable that it was because the statutory notice was not given. It may be that he was of opinion the subsequent acts or neglects of Norton had rendered him a trespasser *ab initio*, and deprived him of the protection to which he was entitled at first; but to make such acts important it must appear that they were done before suit was instituted. The suit only puts in question the rights of the parties as they then existed. Apparently the ruling striking out the evidence was erroneous, and we cannot tell from this record whether the facts or neglects occurring subsequent to the impounding should or should not affect the suit.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.