SAVANNAH, FLORIDA AND WESTERN RAILWAY CO., APPEL-
LANT, VS. ISRAEL RICE, APPELLEE.

1. Prior to recent legislation owners of live stock were entitled to damages for the killing of same by a railroad train, when the operators of the train failed to exercise watchful and reasonable care to avoid the killing; but where such care was used and the killing unavoidable, the company is not liable—its liability not arising except from negligence.

2. A railroad track, straight for a long distance, and a mule first seen on one side of it when the train was two hundred yards off, his head turned from the track, the alarm whistle then blown and brakes put on, but when the train running ten or twelve miles an hour got within two hundred feet of the mule he turned to cross the road, whereupon the engine was reversed, but did not check the train sufficiently to prevent striking the mule as he was going down on the other side: *Held*, not a case of negligence. *Aliter*, if the mule had been on the track when first seen.

Appeal from the Circuit Court for Suwannee county.

*B. B. Blackwell* for Appellant.

*J. S. White* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

This was an action against appellant for the killing of a mule of appellee, claiming damages because the killing was done through the negligence of appellant. On pleas of not guilty, and that the mule was not the property of appellee, a trial was had, and a verdict and judgment given for appellee for $70. A motion by appellant for new trial was denied, and thereupon appeal taken to this court.

The only question raised by the appeal is whether the evidence in the case was sufficient to sustain the verdict under the charge of the court. That charge giving the law as laid down in S., F. & W. R. Co. vs. Geiger, 21 Fla., 669, was as follows: "Our Supreme Court has recently decided that a railroad company is liable for killing cattle and other live stock on its track by its train whenever such killing or injury is the result of negligence upon the part of the agents operating the train. * * * When, under the circumstances of the killing, it could have been avoided by the exercise of ordinary or reasonable care upon the part of the agents operating the train, and such care has not

been exercised, the company will be liable; but if, not-withstanding the exercise of such care, the killing would be unavoidable, the company is not liable."

The evidence shows that the mule was killed by appellant's train, and that there was a straight track for miles in the approach to the place of killing, and that it occurred in the day time. This is all the proof in favor of appellee to support the charge of negligence. On the other hand the evidence shows for appellant that the mule, when first seen, was on the side of the road, and had his head turned from the track, and that the engineer of the train when he saw him on the side of the track, not on it, about two hundred yards off, at once sounded the alarm whistle and had the brakes put on, but that when the train got within about two hundred feet of the mule he turned to cross the track, and that then the engine was reversed, but, going at the rate of ten or twelve miles an hour, struck the mule before he could get down the opposite embankment.

Does this make a case of negligence on the part of appellant? The rule, as the law stood when this case was tried, put upon the party alleging negligence the burden of proof. It was, therefore, necessary that appellee should have shown that there was negligence in the management of the train which caused the disaster. We think he has not shown it. As soon as the mule was seen, the usual precautions to prevent injury to him were adopted. A full stoppage of the train, the mule not being on the track, was not to be expected, and everything short of that seems to have been done. The only ground upon which negligence could be alleged under the circumstances was that on so straight a track the mule could nave been seen before getting within two hundred yards of him, if the engineer had been pro-

38

perly attentive and careful in his look-out ahead. That would be forcible, and, perhaps, carry condemnation to the engineer, if the mule had been on the track. But it would be unreasonable to require the same diligence and application of means to avoid collision with animals seen on the side of a track which would be required when they are on the track, and for the obvious reason that they are not only not directly exposed to collision as the train runs along its course, but that they would be likely, if they moved at all, to go away from the road rather than across it. Unless there was something in the situation or circumstances to lead.to a different expectation, it was not negligence not to make an effort to stop the train until the mule turned and got upon the track, and then the effort was made. If it were required that trains should be stopped every time cattle are seen on the side of the track, and before there are indications of danger, railroads running through a country where cattle roam at large would but illy perform the service expected of them by the public. We think the law, as it stood when this cause was tried, imposed no such requirement. See L. & N. R. R. Co. vs. Wainscott, 3 Bush, 149; P. P. & J. R. R. Co. vs. Champ, 75 Ill., 577; L. R. & F. S. Ry. Co. vs. Turner, 41 Ark., 161; L. & N. R. R. Co. vs. Ganote, 13 Am. and Eng. R. R. Cases, 519.

We think it is so clear that the evidence does not prove negligence within the charge of the court, that we must conclude the jury were led to their verdict by other considerations than the weight of evidence.

It may be well to remark that the act recently passed by the Legislature, which changes the law as to the liability of railroad companies for the killing of cattle, unless the railroad be fenced, has no application to this case.

The judgment is reversed and the case will be remanded for new trial.