JOHN NIEMANN v. THE MICHIGAN CENTRAL RAILROAD COMPANY.

| 80 | 197 |
| f153 | 418 |
| 80 | 197 |
| 154 | 660 |

*Railroad companies—Permitting cattle to run at large—Contributory negligence.*

This case is ruled by *Robinson v. Railroad Co.*, 79 Mich. 323, where the owner of cattle is held guilty of contributory negligence in turning them loose in a public highway, near a railroad crossing, without a keeper, the road being properly fenced, etc. In this case the cattle entered upon the grounds of the company at a place where it was not required to maintain a fence.

Error to Saginaw. (Gage, J.) Argued April 9, 1890. Decided April 11, 1890.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Hanchett, Stark & Hanchett,* for appellant.

*Trask & Smith,* for plaintiff.

LONG, J.   Plaintiff's cow was killed by one of the defendant's freight trains while passing through the village of Zilwaukee, Saginaw county.   The plaintiff resides west of the defendant's railroad track, and on March 20, 1888, drove six of his cows across the track, and let them go from there to the river to drink.   On their return the last cow to pass over the track was killed by the passing freight train.

The negligence claimed is that the defendant's road was not fenced; that the train was run at a greater speed than the rules of the road permit, and faster than is safe through the streets of the village; and in not giving the signals required by law.

Plaintiff had judgment on a trial before a jury in the Saginaw circuit court, and defendant brings error.

The only error assigned is that the court was in error in submitting the questions raised on the trial to the jury. After the close of the testimony, defendant's counsel asked the court to instruct the jury that, inasmuch as the undisputed evidence of the plaintiff showed that at the time the plaintiff's cows were wandering about in the vicinity of the railroad crossing, and at the time of the accident he was giving no attention or care to his cattle, he was guilty of contributory negligence, and could not recover.   The court refused this instruction, but left not only the question of defendant's negligence in running its train at a great rate of speed, and without proper signals, but also the question of the plaintiff's contributory negligence, as questions of fact, to the jury.

It is contended here that, under the undisputed evidence in the case, there was nothing to go to the jury upon the question of the plaintiff's contributory negli-

gence. It appears from the plaintiff's own testimony that he drove his cows on that day across the track of the railroad, and let them go to the river to drink. He saw the cows coming back from the river, thought they were all right, and paid no further attention to them. He stood talking with a friend, heard the train pass, and a few moments afterwards was told that one of the cows was killed. He was then three blocks away from where the cow was killed, and the blocks were some 23 rods in length each. He knew that it was not time for any regular train to pass, and did not know that any train was approaching. That is, the plaintiff, from his own testimony, having turned his cows across the track towards the river, paid no further attention to them, and, though he knew the track of the railroad was not fenced, he left them to wander where they would, and at the time of the accident they were some 70 rods distant from where he stood. It appears that the cow entered upon the grounds of the defendant company where by law it was not compelled to keep and maintain a fence.

This is the case made by the plaintiff's own testimony, and it falls directly within the ruling of this Court in *Robinson v. Railroad Co.*, 79 Mich. 323. The court was in error in refusing to give the defendant's request to charge. The jury should have been instructed that the plaintiff was guilty of negligence in permitting his cows to run at large in the face of the possible danger from passing trains. The question of such negligence is so fully discussed in the case above cited that no discussion of the subject is necessary here.

The judgment of the court below must be reversed, with costs, and new trial ordered.

The other Justices concurred.