[No. 2907. Decided May 21, 1898.]

WILLIAM N. DICKEY, *Respondent*, v. NORTHERN PA-
CIFIC RAILWAY COMPANY, *Appellant*.

INJURIES TO STOCK — ABSENCE OF FENCES — PLEADING AND PROOF —
CONTRIBUTORY NEGLIGENCE.

In an action against a railway company for killing stock, in
which the only allegation of negligence set out in the complaint
was the negligent operation of defendant's train upon its right
of way, plaintiff cannot introduce proof that the right of way was
not fenced, in order to establish negligence, under the rule that
the evidence must correspond with the pleadings and be restricted
to the issues.

Under Laws 1893, p. 418, § 1 (Bal. Code, § 4332), providing that,
in actions against railways for injuries to stock by collision with
moving trains, the absence of fences is *prima facie* evidence of
negligence, the fact that the track was unfenced would raise a
mere presumption of negligence, which would be rebutted by proof
that the train was running at a lawful rate of speed, equipped
with the customary appliances, and that the stock when seen
were so close that the train could not be stopped in time to avoid
striking them.

One who turns a band of horses loose in a small field, fenced
on all sides except the one adjoining a railway track, and takes
no steps to prevent their getting in the way of passing trains, is
guilty of such contributory negligence as to bar his recovery for
injuries to his stock from a collision with a moving train.

Appeal from Superior Court, Spokane County.—Hon.
WM. E. RICHARDSON, Judge. Reversed.

*Stoll, Stephens, Bunn & Macdonald*, for appellant.

*Norman Buck*, and *C. W. Hoyt*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Action to recover damages for negligently
killing plaintiff's horses. The complaint after alleging the
incorporation of the appellant, proceeds as follows:

" That in the county of Spokane and state of Washington
on or about the 25th day of May, 1897, the defendant,
while negligently operating its train upon its right of
way near the Idaho boundary line, did carelessly and neg-
ligently kill the following described horses belonging to the
plaintiff;"

then follows the description, allegation of value and prayer
for judgment. The answer was a general denial, coupled
with a defense that, if the horses were killed, they

" were killed through the negligence and carelessness of
said plaintiff, in that the said plaintiff negligently and
carelessly turned said horses loose in the immediate prox-
imity of the railway track of the defendant without placing
any person to guard or control or to watch said horses."

There was a verdict for plaintiff, and the defendant has
appealed. From the record it appears that the plaintiff,
who was traveling from Colfax, Washington, to Coeur
d'Alene, Idaho, with five horses, had camped for the night
at a place distant about 375 feet from appellant's track,
in a triangular tract or field containing about five acres.
Two sides of the field were fenced; there was also a fence

along the right of way on the north side of the railway, but that portion on the south side of the railway track was unfenced. The track at that point runs east and west; the respondent camped on the south side. Having secured permission from the owner of the premises, respondent went into camp about sundown and turned his horses loose to graze. He testified that he knew the condition of the premises with reference to the fences, and that it was a dangerous place; that after turning the horses out he kept between them and the track until about 8 o'clock, when some one informed him that there would be no more trains that night, and thereupon he went to bed. Three of the horses were killed by a west bound freight which passed the point at or about 11 o'clock at night.

Upon the trial the court, over appellant's objection, permitted the introduction of testimony showing that the railroad was not fenced on the south side of the tract at the point where the horses were killed. Error is predicated upon the ruling of the court in that regard. Sec. 1, ch. 128, Session Laws 1893, p. 418 (Bal. Code, § 4332), is as follows:

"That in all actions against persons or corporations owning or operating steam railways in the state of Washington, for injuries to stock of any kind, except hogs, by collision with moving trains, it shall be *prima facie* evidence of negligence on the part of the defendant to show that the railroad track was not fenced so as to turn said stock from the track."

Appellant contends that there is no allegation in the complaint which brings the case within the provisions of this section—that the only negligence complained of is in operating its train. We think the evidence should have been excluded. The evidence did not relate to the cause of action set out. Respondent urges that § 1, *supra,* "establishes a rule of evidence which makes the absence

of a fence evidence of negligence." With this we agree, but it is not evidence of the negligence set out in the complaint, and it is elementary that the evidence must correspond with the allegations and be restricted to the issue.

At the trial the defendant introduced the engineer, conductor and other employees in charge of the train, who testified that at the time of the accident the train was proceeding at the ordinary and usual rate of speed, that the locomotive and cars were equipped with air brakes and appliances for stopping trains, that it was properly officered by competent and skilful employees who were at their proper stations, that the horses when discovered were between the track and the fence on the north side—distant about four or five car lengths—and were not, and could not have been, seen in time to permit the train to be stopped and the accident averted; that every effort was made to avoid the collision after the horses were discovered. Based upon this testimony defendant proffered a request for the following instruction:

"You are further charged that if the train was running at a lawful rate and had the customary appliances, and the stock when seen by the engineer, or might with due care on his part have been seen, were so close that the train could not be stopped in time to avoid striking the stock, then you will find for the defendant."

This or a similar instruction should have been given. If the jury found the facts as embraced in this instruction, then the presumption of negligence was overcome and plaintiff was not entitled to recover. *Louisville & N. R. R. Co. v. Wainscott*, 3 Bush, 149; *Volkman v. Chicago, etc., Ry. Co.*, 35 Am. & Eng. R. R. Cases, 204 (37 N. W. 731); *Chicago, etc., R. R. Co. v. Packwood*, 59 Miss. 280; *Durham v. Wilmington & W. R. R. Co.*, 82 N. C. 352. The

fact that the tract was not fenced upon the south side—even assuming that plaintiff was entitled to show that fact—raised a mere presumption of negligence. If the statute was given any other construction, it would be void as imposing a penalty when no duty existed—a taking of property without due process of law. See *Jolliffe v. Brown*, 14 Wash. 155 (53 Am. St. Rep. 868, 44 Pac. 149), in which case we had occasion to pass upon this statute.

We also think that the testimony of the plaintiff fully established the fact that he was guilty of such negligence as directly contributed to the injury of which he complained. Here was a small field, fenced in on all sides excepting that adjoining a railway track. On the opposite side of the track there was also a fence. To turn a band of horses loose in such a place without taking any steps to prevent their going upon the track and in the way of passing trains must be held in law such negligence as will prevent a recovery. Under such circumstances, it was only to be expected that the horses would stray upon the track and in the way of passing trains.

" A man who willingly abandons his property to destruction, or purposely exposes it to known danger, has no right, either in law or morals, to invoke the assistance of the courts of justice to secure pay for it." *Welty v. Indianapolis & V. R. R. Co.*, 105 Ind. 55 (4 N. E. 410).

See, also, *McDonald v. Great Northern R. R.*, 46 Pac. (Idaho) 766; *Peterson v. Wisconsin Central R. Co.*, 86 Wis. 206 (56 N. W. 639); *Ft. Wayne, etc., R. R. Co. v. Woodward*, 112 Ind. 118 (13 N. E. 260); *Carey v. Chicago, M. & St. P. Ry. Co.*, 61 Wis. 71 (20 N. W. 649); *Nieman v. Michigan Central R. Co.*, 80 Mich. 197 (44 N. W. 1049). Appellant's request for a peremptory instruction should have been granted.

The cause must be reversed and remanded with direction to enter judgment for the defendant.

SCOTT, C. J., and DUNBAR and REAVIS, JJ., concur.