COLLINS *v.* LUNDQUIST.

1. ANIMALS—TRESPASSING CATTLE—FENCES—DUTY TO MAINTAIN.
   At the common law, one is under no duty to fence against his neighbor's cattle, and such is the rule in Michigan.

2. SAME—RUNNING AT LARGE—ACTION BY SUPERVISORS—EFFECT—TRESPASSING ANIMALS.
   Action by the supervisors under section 5607, 2 Comp. Laws, permitting cattle to run at large in the highways of a township, does not make it the duty of a landowner to fence against cattle so running at large, nor deprive him of his right of action against one whose cattle enter upon his premises from the highway when so running at large.

Case made from Newaygo; Palmer, J. Submitted October 12, 1908. (Docket No. 39). Decided November 30, 1908.

Replevin by Ralph Collins against Albert Lundquist. There was judgment for plaintiff, and defendant appeals. Reversed.

*J. Claude Youdan*, for appellant.

*A. G. Day*, for appellee.

HOOKER, J.    Two farmers whose premises are on opposite sides of a country highway are the parties to this action.    Neither has a road fence.    On May 25, 1907, plaintiff turned his cattle into the highway with the purpose of having them run at large.    Later in the day his cow entered upon the defendant's land, and was at once distrained by the defendant, who on the same day gave notice to the plaintiff to come and get his cow, and pay damages.    Plaintiff refused to pay damages upon the ground that, because defendant maintained no road fence at the place where the cow entered upon his land, he was not entitled to damages, and, on defendant's refusal to deliver the cow unless he was paid nominal damages, the plaintiff replevied the cow under the statute providing for replevin where beasts are unlawfully distrained, and claimed damages for such distraint and detention.    The cause was submitted to the circuit court on October 24, 1907, and on April 16, 1908, the learned circuit judge rendered a judgment in favor of the plaintiff and against the defendant, that the cow was unlawfully distrained and for $5 damages, and costs limited to a $15 attorney fee and the clerk's costs.    To this judgment the defendant took the following exception:

"For the reason that said judgment is not in accordance with the just rights of said defendant and is contrary to the law applicable to the admitted facts in the cause, and appeals to this court by case made after judgment; all official records being eliminated to save expense of printing."

A stipulation was made, viz.:

"We, the undersigned attorneys for the parties to this suit, have agreed upon the above case made, and request the honorable circuit judge to sign the same."

And the judge signed a certificate as follows:

"Settled and signed this 22d day of May, 1908, in accordance with the stipulation of the attorneys for the respective parties below attached.

                                    "L. G. PALMER,
                                        "Circuit Judge."

The proceeding is before us on case made after judgment. No questions of practice are raised.

The following is the statement of facts as agreed upon and settled: For the last 50 years cattle have run at large in the township. At the October, 1881, session of the board of supervisors of the county a resolution was unanimously adopted to the effect that in this and other townships mentioned the operation of Session Act No. 10 of the Legislature of 1881 in regard to animals running at large be suspended, as to cattle, and that said animals be permitted to run at large in such townships. It was conceded upon the trial that the words "Session Act No. 10 of the Legislature of 1881" found in the resolution, was a clerical mistake of the clerk of the board, and that the act referred to is Act No. 13 on page 10 of the Public Acts of 1881, and it was agreed that all irregularities either in distraint of the animals or the proceedings in the cause should be waived. At the April election of 1901 the question of permitting cattle to run at large in the township was regularly submitted to the people of said township and a majority of the electors voted in favor of allowing cattle to run at large, by a printed ballot.

The only question that we are asked to consider is whether the facts in this case warranted the judgment. It has often been said that at common law one is under no obligation to fence against his neighbor's cattle, and that he may ordinarily recover in trespass against the owner of cattle which trespass upon his lands. Such is the rule in Michigan. *Williams* v. *Railroad Co.*, 2 Mich. 259; *Campau* v. *Konan*, 39 Mich. 362, 365; *Bertwhistle* v. *Goodrich*, 53 Mich. 459; *Robinson* v. *Railroad Co.*, 79 Mich. 327; *People* v. *Foss*, 80 Mich. 564 (8 L. R. A. 472); *Niemann* v. *Railroad Co.*, 80 Mich. 199. See, also, 3 Cur. Law, p. 160; 7 Cur. Law, p. 122; 9 Cur. Law, p. 101; *Tonawanda R. Co.* v. *Munger*, 5 Denio (N. Y.), 255 (49 Am. Dec. 248, note); *Holladay* v. *Marsh*, 3 Wend. (N. Y.) 147; *Wells* v. *Howell*, 19 Johns. (N. Y.) 385; *Bileu* v. *Paisley*, 18 Or. 47 (4 L. R. A. 840).

Whether cattle may lawfully run at large in the highways in Michigan, if ever questionable, is now prohibited by 2 Comp. Laws, § 5606 et seq., except where local authorities shall have passed a resolution permitting it as authorized by the statute. Assuming the constitutionality of this statute, which has been questioned ( *Campau* v. *Konan*, supra; *Robinson* v. *Railroad Co.*, supra; *People* v. *Foss*, supra, and denied as to a similar statute in *Tonawanda R. Co.* v. *Munger*, supra), the question before us is whether such local authorization goes so far as to impose upon landowners the obligation of fencing against cattle running at large, or deprives an abutting owner of a right of action against one whose cattle enter upon his premises from the highway when running at large. The title of this act is not, "An act to permit cattle to run at large in the highways," "To require the building of fences," or "To take away the existing remedy for trespass." On the contrary, it was "An act to prevent animals from running at large in the public highways." Neither does it provide in terms that animals may run at large or that boards of supervisors may confer such right, unless it be by implication. Section 2 does provide that certain action by the board of supervisors may render the act inoperative in a particular county or township. It may be said that, at most, such action would leave rights to stand upon the law as it existed before the passage of the act, but we need not go so far as to hold that. The case of *Williams* v. *Railroad Co.* is conclusive of the question. It was there held that the authorization by local authorities of owners of cattle to allow them to run at large could not confer upon an individual a right to pasture his cattle upon the land of another. It is enough, however, in this case, to say that there is nothing in this statute that gives such a right or deprives an owner of his remedy in trespass.

The judgment is reversed, and a new trial ordered.

GRANT, C. J., and BLAIR, MOORE, and McALVAY, JJ., concurred.