SPIEGEL *v.* STRAW.

1. ANIMALS—DISTRAINT DAMAGE FEASANT — TROVER — STATUTE — REMEDY.

Where the validity of the restraint of a trespassing animal is in question the special remedy of replevin provided by 3 Comp. Laws 1915, § 13117 *et seq.*, governs, and trover will not lie.

2. SAME—DAMAGES.

One who distrains a hog trespassing on premises occupied by him is entitled to at least nominal damages.

3. SAME—DISTRAINT DAMAGE FEASANT—REGULARITY OF PROCEEDINGS—BONA FIDES.

The question of irregularity in distraint proceedings cannot be determined in an action of trover for the conversion of a hog, which defendant claims to have restrained under the statute, as the question is whether his claim was made in good faith.

4. SAME—DISTRAINT DAMAGE FEASANT—DAMAGES.

A hog which is found trespassing on property occupied by a person is distrained in good faith under 3 Comp. Laws 1915, § 13117 *et seq.*, where it is found by such person upon his premises and he shuts it up, notifies the wife of the owner and requests her to have her husband, who is absent, come to his place as soon as he returns, and in a few hours the owner is in fact actually notified of the hog's detention, and, upon his not calling, a written notice of distraint and demand of payment for care and expense is made, and he later causes the amount due to be determined, although he tells the owner's wife at the time of the talk with her that the damage was nothing.[1]

Error to Genesee; Stevens, J. Submitted April 9, 1917. (Docket No. 98.) Decided May 31, 1917.

Trover by Frederick F. Spiegel against Burt Straw for the conversion of a hog. Judgment for defendant

[1] On liability of owner, for injury to person or property on highway by animal at large thereon, in violation of statute, see note in 16 L. R. A. (N. S.) 647.

on a directed verdict. Plaintiff brings error. Affirmed.

*Daniel Heims,* for appellant.

*Clarence Tinker,* for appellee.

FELLOWS, J. This action originated in justice's court, and is brought in trover for the conversion of one male hog, of the value of $50. The plaintiff and defendant are neighboring farmers, residing in Fenton township, Genesee county. The hog in question was distrained *damage feasant* by defendant in the spring of 1915. Almost immediately after distraining the hog, defendant notified plaintiff's wife in his absence of such distraint, and upon her husband's return in a few hours she notified him. Instead of seeing defendant himself, plaintiff sent his wife. She testified that she demanded the hog and offered to pay the damages, but the defendant told her the damage was not anything, that he wanted to see her husband, and wanted him to come himself. It is not claimed that any tender of nominal or other damages was made, or any offer to pay the expenses of the distraint. The plaintiff never called on the defendant, took no steps to adjust matters with him, and did not apply to have the amount for which he was liable fixed by the disinterested persons, as provided by the statute. Plaintiff gave testimony tending to show the value of the hog as alleged in the declaration. Defendant testified to the circumstances of the distraint, and denies that he said there were no damages, but gives his reasons for declining to discuss the damages with Mrs. Spiegel. Plaintiff then sought to show irregularities in the proceedings taken by defendant, but was precluded from so doing, and a verdict was directed by the court for the defendant upon the ground that trover would not lie for property distrained *damage*

*feasant;* that the special remedy of replevin provided in the statute was exclusive of other remedies. The plaintiff brings the case here upon writ of error.

The statute under consideration is not a new one. It has existed in its present form for over 70 years. Chapter 125, Revised Statutes 1846. During that time it has frequently been construed by this court. As construed, it provides fully and completely the necessary proceedings to protect the rights of both parties. It provides the steps to be taken by the landowner, and gives to the owner of stock distrained a remedy by way of special proceeding in replevin to test the validity of the restraint. We quote two of the sections. Section 21 (section 10708, 3 Comp. Laws; section 13764, 5 How. Stat. [2d Ed.]; 3 Comp. Laws 1915, § 13120) provides:

"If the beasts shall be replevied and delivered to the plaintiff, and judgment of nonsuit or of discontinuance be rendered against the plaintiff, or if it appear on the trial that the beasts were lawfully distrained, the defendant shall have judgment for such sum as shall be due from the plaintiff, for the penalty or forfeiture, or for the damages for which the beasts were impounded, together with all the lawful fees, costs, charges and expenses incurred by reason of the distress, to be assessed as in other cases, and also his costs of the action of replevin."

Section 22 (section 10709, 3 Comp. Laws; section 13765, 5 How. Stat. [2d Ed.]; 3 Comp. Laws 1915, § 13121) provides:

"If the plaintiff shall recover judgment against the defendant by default, or if it shall appear upon the trial that the beasts were distrained without any sufficient or justifiable cause, the plaintiff shall recover his damages caused by the unlawful detention of such beasts, to be assessed as in other actions of replevin, together with his costs of suit."

It will thus be seen that, in case of nonsuit, discontinuance, or the establishment of a lawful restraint,

defendant recovers his damages, fees, costs, charges, and expenses, and in case of default of defendant, or failure on his part to show sufficient or justifiable cause for distraint, plaintiff recovers his damages, together with his costs; the rights of both parties are finally litigated and adjudicated in the one suit. It was said by this court in the case of *Johnson* v. *Wing,* 3 Mich. 163, where the plaintiff had brought replevin under the general statute:

"We think the remedy given by chapter 125 is a special proceeding adapted to this case of distress of property, and that it expressly negatives a remedy by replevin in any other manner than is therein provided. We are therefore of the opinion that the plaintiff has not pursued the remedy prescribed by the law which governs in such cases, and that he cannot recover in this action."

To the same effect see *Marx* v. *Woodruff,* 50 Mich. 361 (15 N. W. 510) ; *Campau* v. *Konan,* 39 Mich. 362; *Hamlin* v. *Mack,* 33 Mich. 103.

The reasoning of these cases and others which might be cited, precludes resort to an action of trover for property taken *damage feasant,* and this court so held in *Norton* v. *Rockey,* 46 Mich. 460 (9 N. W. 492).

The provisions of this statute are well calculated to prevent a multiplicity of suits, and to adjust all the rights of the parties in one case. We are not inclined to overrule the cases cited, but adhere to the holding that the remedy provided by this statute is exclusive. Had this statutory proceeding been resorted to in this case, the question of the regularity of defendant's proceedings and the rights of both parties could have been adjudicated, and it is highly improbable that either the circuit court or this court would have been called upon in this controversy. This court has held that:

"A mere claim that beasts had been distrained, where in fact they had not been, and the claim was but

a mere pretense—an afterthought—would not defeat the plaintiff's right to maintain replevin under the general statute." *Campau* v. *Konan, supra.*

But there is in the instant case absolutely nothing that would justify the submission to the jury of the question of whether the defendant in good faith claimed upon the trial of the case that he distrained the hog under the provisions of the statute. The hog was trespassing on defendant's premises. Defendant shut him up, and went to the home of the plaintiff, and, finding plaintiff absent, notified his wife and requested her to have her husband come over as soon as he returned. In a few hours plaintiff received actual notice of the hog's detention. This was sufficient under *Norton* v. *Rockey, supra.*

Defendant was entitled to at least nominal damages, but his testimony shows damages to a substantial amount. If his testimony is to be given any force, and it is undisputed, the damages were of that character that he might well prefer to discuss with plaintiff, instead of his wife.

The plaintiff not having called on defendant, defendant gave him a written notice that he had distrained the hog and demanded payment for damages for care and expense, and later caused the amount due him to be determined. Whether the proceedings were regular cannot be determined in this case, nor are they before us; but these facts clearly demonstrate and prove that defendant actually distrained the hog in question under the provisions of this act and took steps to make such distraint effective. Whether the steps were all regular is not before us. The fact, standing alone, that he told plaintiff's wife that the damage was not anything, has no tendency to establish that defendant's claim of his rights under the statute is a subterfuge, an afterthought, and not made in good faith. The question is, not what amount of

damages has defendant suffered, not whether he is claiming excessive damages, not whether he was willing to waive any damages, but whether his claim that he destrained plaintiff's hog when the same was trespassing on his premises is a mere pretense, a subterfuge, an afterthought, and not made in good faith, but made for the purpose of relegating plaintiff to his remedy under the statute.

We are unable to find anything in this record justifying the submission of this question to the jury. The court correctly excluded the question of the regularity of the proceeding, and properly directed a verdict for the defendant.

The judgment is affirmed, with costs.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.