HOSLEY v. BAMBER.

ANIMALS—"RUNNING AT LARGE"—DAMAGES—STATUTES.

> In an action by a farmer against the owner of a bull and
> one who had charge of it on his own premises adjoining
> plaintiffs' to recover damages for getting one of plaintiffs'
> heifers with calf while the bull was at large on plaintiffs'
> premises, a judgment for plaintiffs was affirmed by di-
> vided court.

Error to Livingston; Miner, J. Submitted October 12, 1917. (Docket No. 99.) Decided December 28, 1917.

Case in justice's court by Elijah B. Hosley and another against William Bamber and another for trespass. There was judgment for plaintiffs, and defendants appealed to the circuit court. Judgment for plaintiffs against defendant Bamber, who brings error. Affirmed by a divided court.

*Richard D. Roche* and *L. E. Howlett,* for appellant.

*Frank J. Shields* (*Person, Thomas, Shields & Silsbee,* of counsel), for appellees.

MOORE, J. The plaintiffs, father and son, farmers, are breeders of shorthorn Durham cattle. They own two farms. Robert Eager, one of the defendants, owned a farm adjoining. In the summer of 1913, William Bamber, the appellant, who is a farmer, was rebuilding his barns and was the owner of a Holstein bull calf, nine months old in June, 1913. Mr. Bamber made an arrangement with Louis Eager, brother of Robert Eager, for the keeping of the bull until defendant Bamber rebuilt his barns. After Louis Eager had the bull for some weeks, he made an arrangement with Robert Eager to turn the bull on Robert Eager's

lands in the month of July, and he ran on those lands from July until October. In October, 1913, plaintiffs were notified that defendant's bull was upon their lands with their cattle. In the following July, one of the plaintiffs' registered heifers gave birth to a spotted calf. This suit in trespass is against William Bamber and Robert Eager. The declaration alleges: *First*, a count for trespass; *second*, a count based upon the provisions of sections 7305, 7306, 2 Comp. Laws 1915. At the conclusion of the evidence, the court was requested to charge the jury as follows:

"I charge you that the statutes of this State pertaining to the running of animals 'at large' have no application to the facts in this case; that the plaintiffs cannot recover in this case on the count in their declaration charging the defendants with permitting the bull in question to run 'at large.'"

The court refused to give this request, but charged the jury, in substance, that they could find a verdict against both defendants unless they believed that William Bamber had leased the bull to Louis Eager, and that at the time of the trespass the bull was in the control and possession of Louis Eager by virtue of the lease, in which case they should render a verdict for defendants upon the first count in the declaration. He also charged the jury, in substance, that they might find a verdict against William Bamber under the second count under the statutes above referred to, if the line fence was defective and defendant Bamber permitted his bull to remain on Robert Eager's land, knowing the condition of the fence to be defective. The judgment was against William Bamber alone for $50. The questions involved are whether the statute prohibiting the "running at large" of male animals applies to the facts in this case, and whether the court erred in refusing to give the request to charge above quoted.

The statute reads:

"SEC. 7305. *The people of the State of Michigan enact,* That, if the owner of any bull, stallion, boar or ram shall allow the same to go at large out of his inclosure, he shall forfeit the sum of five dollars for such offense, to be recovered on complaint before any justice of the peace of the county in which such owner may live, and twice that amount on any subsequent conviction: *Provided,* That such complaint shall be prosecuted within thirty days next after such animal shall be found at large as aforesaid."

Section 7306 provides as follows:

"In addition to the penalty prescribed in the foregoing section, the owner of said bull, stallion, boar or ram thus found going at large, shall be liable to the owner of any cow, mare, sheep or swine for any and all damages arising from the going at large of such animals as aforesaid to be recovered on any suit brought before any court of competent jurisdiction."

The question at once arises: What constitutes "running at large" within the meaning of said act? Counsel insist:

"That term [running at large] has been defined many times by the courts under similar statutes, and the rule is well settled that 'running at large' means 'strolling without restraint or confinement; rambling at will.'" *Eklund* v. *Toner,* 121 Mich. 687, 689 (80 N. W. 791).

"Running at large is used in the statutes in the sense of strolling without restraint or confinement, as wandering, roving or running at will; unrestrained." 3 C. J. p. 179. See cases cited, note 73.

"Animals are not running at large if they are under the control of a person having the right of control." 3 C. J. p. 179.

They cite many other authorities, and claim that the bull was not within the statute when committing the trespass.

199—Mich.—42.

Counsel for the appellee insist that the authorities cited relate to cases where the animals were alleged to be running at large in the highway, and are not applicable to the instant case. An examination of those authorities will show that they did not involve the construction of the sections of the statute quoted. By the common law it was the duty of the owner of domestic animals to restrain them within his own close, at his peril, unless they escaped by means beyond his control. Cooley on Torts (2d Ed.), p. 397; (3d Ed.), page 684; 2 Cyc. p. 392; 3 Corpus Juris, § 393; Ingham on Animals, § 70, p. 258; *Collins* v. *Lindquist*, 154 Mich. 658 (118 N. W. 596), and the many cases cited therein. No case directly in point has been decided by this court.

A similar statute found in chapter 14 of the laws of Wisconsin, 1903, is construed in the case of *Kopplin* v. *Quade*, 145 Wis. 454 (130 N. W. 511). In that case a judgment for damages given to plaintiff under circumstances like those involved in the instant case was affirmed.

Judgment is affirmed, with costs to the plaintiff.

KUHN, C. J., and BIRD and FELLOWS, JJ., concurred with MOORE, J.

OSTRANDER, J. (*dissenting*). I am not persuaded that an animal restrained within an inclosure with other cattle is "at large," within the meaning of the statute. The judgment should be reversed.

STONE, STEERE, and BROOKE, JJ., concurred with OSTRANDER, J.