EKLUND *v.* TONER.[1]

| 121 | 687 |
| s123 | 302 |

1. TRIAL — INSTRUCTIONS — THEORY OF DEFENSE — IMPOUNDING CATTLE.

| 121 | 687 |
| s80NW | 791 |

After defendant, in an action for the wrongful impounding of cattle, has expressly disclaimed any contention that the cattle were running at large in the highway when taken, and has stated his defense to be that the cattle were upon his land *damage feasant,* he cannot complain that the court refused to instruct the jury that, if the cattle were at large in the highway, defendant had the right to impound them.

| 121 | 687 |
| 147 | ²294 |
| j147 | ¹298 |

2. CATTLE—WHEN RUNNING AT LARGE.

Cattle grazing in the highway, in view of and being watched by the owner, are not running at large, within the meaning of the statute authorizing their impounding in such case.

Error to Muskegon; Russell, J. Submitted October 5, 1899. Decided November 14, 1899.

Trespass *de bonis* by Ole Eklund against William Toner. From a judgment for plaintiff, defendant brings error. Affirmed.

---

[1] Rehearing denied December 21, 1899.

*Smith, Nims, Hoyt & Erwin*, for appellant.

*Chamberlain & Cross*, for appellee.

LONG, J.  This action of trespass was commenced in justice's court to recover damages which the plaintiff claims he sustained by reason of the unlawful taking of certain cattle which belonged to him, and their retention by the defendant for the period of about 18 days.  Plaintiff had judgment in the justice's court, and also in the circuit court upon appeal there.  Defendant brings error.

The testimony given on the part of the plaintiff tended to show that the defendant took the cattle from the highway, drove them across his field, and shut them up in his barn.  Defendant introduced testimony tending to show that the cattle were in his field, doing damage, and he drove them from there and shut them up in his barn.  The court charged the jury that the question in the case for them to determine was whether the defendant drove the cattle from out of the highway and impounded them.  He said:  "That is the real point—perhaps the turning point—in this case.  It is the turning point in the case, because upon any other theory the defendant would be entitled to recover."  Under this charge, we think there are but two questions raised by defendant's counsel which we need discuss:

1. It is now contended that the defendant had the right to take the cattle out of the highway, as they were running at large contrary to law.  The record discloses that, at the time counsel for defendant opened his defense to the jury, the court made the inquiry of him if he claimed that the defendant had the right, under the statute, to take the cattle out of the highway, and he responded:  "No, sir; we claim and shall show that the cattle were trespassing upon his premises, and that he merely went out and drove them into the barn and shut them up."  Yet at the close of the trial counsel asked the court to charge the jury that, if the cattle were running at large on the highway, the defendant had the right, under the statute, to take them

into his custody. This the court refused, and error is assigned upon that ruling. This practice is not commendable. From the manner in which this case was tried, it is evident that this request to charge was an afterthought. There was no testimony introduced which tended to show that the cattle were "running at large," within the meaning of the statute. That term has been defined many times by the courts under similar statutes, and the rule is well settled that "running at large" means "strolling without restraint or confinement; rambling at will." 12 Am. & Eng. Enc. Law, 898, and notes; *Russell* v. *Cone,* 46 Vt. 604. Such testimony as was introduced tended to show that the cows were on the highway, eating, and in plain view of the plaintiff and his family, and, as it is claimed, were being watched by them. The only testimony contradicting this was that introduced by defendant, tending to show that the cattle were on his premises,— inside his field. This testimony the jury evidently discarded.

2. Complaint is made of the amount of damages found by the jury. The animals were milch cows, and testimony was given tending to show their value at the time of impounding and at the time when they were received back. We think there was testimony tending to show that the amount awarded was not excessive.

The judgment must be affirmed.

The other Justices concurred.