EKLUND *v.* TONER.

1. REPLEVIN—DISTRAINED CATTLE—BAD FAITH.
    Replevin will lie under the general statute for cattle unlaw-
    fully taken under claim of distress urged in bad faith, merely
    as a pretext to gain possession.

2. EVIDENCE — BOARDS OF SUPERVISORS — PROCEEDINGS — AUTHEN-
    TICATION—WAIVER.
    Defendant will not be permitted to urge upon appeal that a
    portion of the day's proceedings of a board of supervisors,
    offered in evidence by plaintiff, was erroneously admitted,
    because not signed by the chairman and clerk of the board,
    where his counsel announced at the trial that he had no
    objection to the admission of the extract; plaintiff, under
    such circumstances, having a right to assume that proof of
    authentication was waived.

Error to Muskegon; Russell, J. Submitted January
12, 1900. Decided March 13, 1900.

Replevin by Ole Eklund against William Toner. From
a judgment for plaintiff, defendant brings error. Af-
firmed.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*Dan T. Chamberlain* and *Charles B. Cross,* for ap-
pellee.

MONTGOMERY, C. J. This is an action of replevin for
two milch cows and a heifer. The plaintiff recovered,
and defendant brings error. In an action of trespass be-
tween the same parties, damages were recovered for the
defendant's seizure of the cattle, which he attempted to
justify in this case. The trespass was considered in this
court, and is reported in 121 Mich. 687 (80 N. W. 791).
The defense in this case is that the cattle were seized
*damage feasant,* while trespassing on defendant's land,

and he offered testimony tending to establish this claim. The plaintiff gave testimony tending to show that the defendant seized the cattle in the highway, and that the board of supervisors had authorized cattle to run at large, and tending to show that such seizure was not made in good faith. The defendant, at the close of the testimony, asked the court to direct a verdict on the ground that the action should not have been brought under the general statute authorizing replevin, but under section 10705 *et seq.*, 3 Comp. Laws 1897.

It is conceded by counsel that if the cattle were taken in bad faith, and the claim of distraint is a mere pretext, the action under the general replevin statute might lie. See *Campau* v. *Konan*, 39 Mich. 365; *Cox* v. *Chester*, 77 Mich. 499 (43 N. W. 1028). But it is contended that the question of good faith cannot enter into this case, for the reason that section 5606, 2 Comp. Laws 1897, prohibits cattle from running at large, except in those counties where the board of supervisors declares the act inoperative, and that, in the absence of such action, cattle found in the highway may be distrained; and it is contended that no valid action by the board of supervisors is shown. The action of the board of supervisors was offered in evidence, from the proceedings of the board on the 11th of October, 1881, whereupon the following occurred:

"*The Court:* Passed in 1881, was it?

"*Mr. Cross:* Passed October 11, 1881, shortly after this law was amended in February, 1881. This is passed at the October session of the board of supervisors. Have you any objection to that?

"*Mr. Smith:* Not as I can discover.

"*The Court:* It will be received."

It is now contended that this record was not sufficient to show valid action by the board, because it was not shown to have been signed by the chairman and clerk. It must have been understood by defendant's counsel as offered to show valid action by the board, and he then found no objection to it. A signing at the close of the

day's session would be sufficient. *Thomas* v. *Abbott*, 105 Mich. 687 (63 N. W. 984). And when this offer of a portion of the day's proceedings was made, and no objection to it discovered by defendant's counsel, plaintiff's counsel had the right to assume that it was treated as a portion of a valid record, and that proof of the authentication of the record was waived.

The other assignments of error have been considered, but we are convinced that no just ground of complaint exists.

The judgment will be affirmed, with costs.

The other Justices concurred.