ALVA J. DIXON *vs.* BYRON M. LEWIS ET AL.

First Judicial District, Hartford, March Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

Cattle are "at large " contrary to law, within the meaning of that expression in General Statutes, § 5142, when they are suffered to roam about without a keeper and without restraint.
The foundation of an action on this statute for the recovery of damages for trespass by animals is the negligence of their owner.
In the present case the trial court found that no evidence was offered to show that when the cattle entered the plaintiff's premises they were at large upon the highway without a keeper, or that they were unruly and not to be restrained by ordinary fences. *Held* that these findings were not supported by the evidence; that on the contrary, there was evidence from which each of these propositions of fact, relied upon by the plaintiff, might reasonably have been inferred, and therefore the judgment for the defendants was erroneous.

Argued March 2d—decided April 17th, 1920.

ACTION to recover damages for the destruction of growing crops and herbage on the plaintiff's land by the trespass thereon of the defendants' cattle, alleged to be due to the defendants' negligence, brought by appeal from a judgment of a justice of the peace to, and tried by, the Superior Court in Windham County, *Kellogg, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *Error and new trial ordered.*

*Charles E. Searls*, with whom, on the brief, was *Harry E. Back*, for the appellant (plaintiff).

*Charles L. Torrey*, for the appellees (defendants).

WHEELER, J. This action is brought to recover damages done the plaintiff's corn, apples, garden, fruit trees and herbage, by the cattle of the defendants, through their negligence. It is based upon § 5142 of the General Statutes. This section furnishes a recovery of damages for the trespass by animals in four cases: 1. By animals at large contrary to law. 2. By unruly cattle that are not restrained by ordinary fences. 3. By animals, the owner of which has put them into, or voluntarily allowed them to trespass upon, the enclosure of the plaintiff. 4. By animals that have entered through a part of the fence around the enclosure of the plaintiff which was sufficient.

The plaintiff's claim is not under cases 3 and 4, but rather under cases 1 and 2. His contention is that the damages for which he sues were occasioned by the defendants' animals when at large contrary to law, and when unruly and not restrained by ordinary fences. As applied to animals, "at large" signifies that the animals are suffered to roam about without a keeper and without restraint. *Russell* v. *Cone*, 46 Vt. 600,

604; *Eklund* v. *Toner*, 121 Mich. 687, 80 N. W. 791. The foundation of an action of this character is negligence. *Baldwin* v. *Ensign*, 49 Conn. 113, 117. It must appear either that these cattle were roaming about without a keeper and without restraint, with the defendants' sufferance or through their negligence, or that the cattle were unruly and not to be restrained by ordinary fences. The trial court has found that no evidence was offered that when these cattle entered the plaintiff's premises they were then at large upon the highway without a keeper, or that the cattle were unruly and not to be restrained by ordinary fences. If this finding stands, there is no basis for the claim that the defendants were negligent.

We have examined the evidence with care, and we think there was evidence from which it might reasonably have been inferred that these cattle when trespassing upon plaintiff's premises were at large and without a keeper. And further, there appears to have been evidence from which it might reasonably have been inferred that these cattle were unruly and could not be restrained by ordinary fences. The trial court marked as "proven " those paragraphs of the draft-finding reciting that these cattle were at large on two occasions. This conforms to the evidence and appears to conflict with the finding. We also think there was evidence from which it might reasonably have been inferred that the cattle themselves pushed the fence or bars down and thus escaped. It follows that the finding, that any time the cattle left the defendants' pasture it was through bars which had been let down by persons unknown to the defendants and not under their control and without their consent or knowledge, is not supported by the evidence.

We likewise think the finding that "no evidence was offered by either party that said cattle were not

orderly and restrainable by a fence sufficient to restrain orderly cattle," is not supported by the evidence. We find evidence from which it might reasonably have been found that the cattle were unruly and incapable of being restrained by a fence sufficient to restrain orderly cattle. Paragraphs 12, 14 and 15 of the finding, to which we have just referred, are not supported by the evidence. The evidence tended to show that the cattle upon some of the occasions upon which they were trespassing were at large and without a keeper, and that this was due to the defendants' negligence in keeping unruly cattle which could not be restrained by ordinary fences, or in confining them within fences which were not sufficient to restrain cattle which were not unruly.

Other assignments of error need not be considered.

There is error, the judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.