ALVA J. DIXON *vs.* BYRON M. LEWIS ET AL.

First Judicial District, Hartford, October Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

What weight or credit shall be given to testimony, and what inferences shall be drawn from facts in evidence, are matters for the determination of the trial court.

The plaintiff claimed that the damage to his crops and herbage was inflicted by the defendants' cattle while at large contrary to law, or that they were unruly cattle and not to be restrained by ordinary fences, or that the defendants had voluntarily allowed the cattle to trespass upon the plaintiff's enclosure. *Held* that these were questions of fact for the decision of the trial court, whose conclusions thereon, being reasonable, would not be disturbed by this court upon appeal.

Submitted on briefs October 4th—decided November 30th, 1921.

ACTION to recover damages for the destruction of growing crops and herbage on the plaintiff's land, insufficiently fenced, by the trespass thereon of the defendants' cattle, alleged to be due to the defendants' negligence, brought by appeal from a judgment of a justice of the peace to, and tried by, the Superior Court in Windham County, *Maltbie, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Harry E. Back* and *Charles E. Searls,* for the appellant (plaintiff).

*William F. Woodward, Charles L. Torrey* and *Mahlon H. Geissler,* for the appellees (defendants).

PER CURIAM. This action was before this court on a former appeal, and a new trial was ordered. *Dixon v. Lewis,* 94 Conn. 548, 109 Atl. 809. We then stated

that, under § 5142 of the General Statutes, where animals do damage in an enclosure through the insufficiency of the fence about it, a recovery could be had for damage done: first, by animals at large contrary to law; second, by unruly cattle that are not restrained by ordinary fences; third, by animals whose owner has put them into, or voluntarily allowed them to trespass upon, the enclosure; fourth, by animals that have entered through a part of the fence around the enclosure which was sufficient. The term "at large" as applied to animals was there defined.

Upon the retrial of the case the plaintiff claimed that damage had been done within his enclosure, which was insufficiently fenced: (1) by the defendants' cattle at large contrary to law; (2) by the defendants' unruly cattle that were not restrained by ordinary fences; (3) by the defendants voluntarily allowing their cattle to trespass upon the enclosure of the plaintiff. The court, upon the evidence presented, found the issues for the defendants upon these claims.

The appeal first raises the question whether, upon the evidence, the court could reasonably have found certain facts set forth in its finding, or reasonably could have refused to find certain facts which the plaintiff claims should be made part of the finding.

In view of the authority of the trial court as to the credit to be given to testimony, as to the weight to be attached to it, and as to the inferences to be drawn from facts in evidence, we think that the trial court could reasonably have found the facts as found, and could reasonably have refused to find the facts which the plaintiff claims should have been found. The motion to correct the finding is denied.

The plaintiff further claims that the trial court could not reasonably have found that the damage done to the plaintiff's land, which was insufficiently fenced,

was not done in one or more of the three ways claimed by the plaintiff. We are satisfied that the trial court could reasonably have found the issues upon these claims of the plaintiff for the defendants.

There is no error.