LOUIS LAVITT *v.* EDWIN J. ABERLE

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued November 6—decided December 26, 1957

*Harry H. Lugg,* for the appellant (defendant).

*William J. Butler,* with whom were *Charles D. Gersten* and, on the brief, *Harold Gersten* and *Bernard J. Ackerman,* for the appellee (plaintiff).

MURPHY, J. The defendant has appealed from a judgment awarding the plaintiff, a real estate broker, a commission of $5000 upon a complaint alleg-

ing an express contract to pay a commission of $7500. His principal contention is that the trial court erred because the plaintiff at no time claimed or admitted, in evidence, argument or brief, that any amount was due him other than $7500, and there was no evidence of the reasonable value of the plaintiff's services upon which a judgment for a lesser amount could be based. The defendant also contends that the evidence did not warrant a conclusion that the prospective purchaser was ready, willing and able to buy on terms prescribed or accepted by the seller.

The defendant testified that he had agreed to pay the plaintiff a flat fee of $5000 if he procured a buyer at a price under $110,000. That evidence was sufficient to warrant the amount of the judgment, though it did not harmonize with the plaintiff's claim that his commission on a sale at $95,000 was to be $7500 and that he had refused to agree to accept $5000. In the face of this conflict, the court could accept the testimony which it believed to be the more credible. *Ball* v. *Branford,* 142 Conn. 13, 17, 110 A.2d 459; *Dixon* v. *Lewis,* 96 Conn. 661, 662, 115 A. 472. In an action for work done at an agreed price, the plaintiff may recover a different price if the proof fails to establish the price alleged. Practice Book § 33.

The conclusion of the court that the plaintiff had procured a customer, the Bent Construction Company, which was ready, willing and able to purchase the defendant's property upon terms acceptable to the defendant is warranted by the unattacked findings of fact that the buyer had agreed to a condition imposed by the defendant when the offer of $95,000 was submitted to him and that the buyer had the financial ability to conclude the purchase. The plaintiff had thereupon earned his commission.

*Thomas F. Rogers, Inc.* v. *Hochberg,* 143 Conn. 22, 24, 118 A.2d 910; *Martino* v. *Palladino,* 143 Conn. 547, 548, 123 A.2d 872. That the proposed sale did not materialize because the buyer and the seller could not agree on other and later terms did not defeat the plaintiff's right to recover. *Finch* v. *Donella,* 136 Conn. 621, 626, 73 A.2d 336.

There is no error.

In this opinion the other judges concurred.