THE LEROY & WESTERN RAILWAY COMPANY v. R. A. ANDERSON.

1. JURY—*Special Findings—Duty of Court.* It is the duty of the trial court to submit all special questions requested by a party when such questions are pertinent under the issues and evidence; but where no evidence has been given upon which the jury could intelligently answer the questions, *held,* not error to refuse to submit such questions to the jury.

2. JURY-ROOM—*What is Done Therein—Juror as Witness.* What is done in the jury-room, and what is known to all the jury to exist, and what relates to matters not connected with their individual consciences in arriving at or determining their verdict, may be testified to by a juror; but where it is sought to show the reasons for a verdict, or any of the elements that go to make up a verdict, or the particular ideas of a juryman in determining the verdict, these are beyond the province of inquiry.

*Error from Sumner District Court.*

APPEAL by *Anderson* from an award of damages by com-missioners appointed to condemn a right-of-way over his land for the *Leroy & Western Railway Company.* In his peti-tion Anderson alleged that the railroad divided his farm into two parts; that an embankment was thrown up on the right-of-way, and ditches were excavated on each side of the road-bed; that by reason of the embankments and ditches, communication between the different parts of his farm was

prevented; that no crossing was put in over the right-of-way; and he claimed damages on account of the embankments and ditches, and the failure to make a farm-crossing, and generally for the taking of the right-of-way.   To this petition the defendant filed a general denial.   Trial by jury at the February term, 1887, and verdict and judgment for the plaintiff for $1,000.   Defendant brings the case here.

*Geo. R. Peck, A. A. Hurd,* and *J. G. Egan,* for plaintiff in error.

*Lawrence & Ferguson,* for defendant in error.

Opinion by CLOGSTON, C.: The defendant requested the court to submit to the jury for their answers special questions. Four of the questions the court refused to submit, which are as follows:

"Q. No. 6.  How much was the damage to the farm by reason of the necessity of crossing stock from one side to the other?

"Q. No. 7.  How much damage to the land by reason of the inconvenience for farming and using and occupying such land, caused by the building of said railway through, over and across said land ?

"Q. No. 8.  How much damage to the land by reason of the ditches being cut on each side of defendant's road-bed along the line of said railway?

"Q. No. 9.  How much damage to the land of the plaintiff by reason of the embankments being thrown up along the line of said defendant's railway?"

The plaintiff in error insists that these questions ought to have been submitted to the jury; that an issue was raised by the pleadings covering each of these questions, and that there was evidence offered to the jury upon each item of damage set out in the petition.   Evidence was offered tending to establish all the allegations of the plaintiff's petition, but no evidence was offered giving in detail the items of damage covered by these four questions which the court refused to submit; and if these questions had been submitted to the jury there was no basis from which they might have determined the accurate

34—41 KAS.

amount of damage to be allowed by them on the separate items, as requested by these questions. It is the duty of the trial court to submit questions of fact that are raised by the pleadings and evidence; but where questions are asked to be submitted that are pertinent under the issues raised by the pleadings, yet no evidence has been offered from which the jury could intelligently or fairly answer them, such questions ought not to be submitted to the jury. The evidence in this case shows that plaintiff claimed damage for all of these special items, and the witnesses testified that they took all these items into consideration in estimating the damage to the plaintiff's farm, but each witness replied when interrogated that he was unable to give separately the items of damage thus included Among the questions submitted to the jury was the following:

"How much was the damage to the plaintiff's farm for the want of a crossing from the north to the south side of said railroad? *Ans.:* For the lack of evidence, we, the jurors, can't say."

The defendant requested the court to require the jury to answer this question more definitely, which the court refused to do. This question was of the same character of the four that the court refused to give, and ought to have been included with them and excluded from the jury; and the jury gave such an answer to this question as they doubtless would have given to the other four had they been submitted to them. No evidence was offered or data given by which the jury could have intelligently answered these questions, and we see no error in the court's refusal to require the jury to more definitely answer the question.

Defendant filed a motion for a new trial, and in support of that motion offered Thomas Rouse as a witness. Rouse was one of the jurymen that tried this cause. The question which the court refused to permit him to answer was as follows:

"I will ask you if it was not a matter of fact that you agreed on the general verdict first, and then answered the special interrogatories with a view of agreeing with your general verdict, without reference to any particular damage to any particular part of the farm?"

We think the court properly sustained the objection to this question, for while a part of the question was proper, another part was improper. It was competent to have the juryman state what was done, and he might have answered the first part of this question and stated that the general verdict was found first and the interrogatories answered afterward. This would have been proper and competent; but the latter part of the question reaches beyond the power of inquiry into the verdict. What was done in the jury-room, what is known to all the jury to exist, and what relates to matters not connected with their individual consciences in arriving at or determining a verdict, may be testified to; but where it is sought to show the reason for a verdict, or any element that goes to make up the verdict, or the particular ideas of the jurymen in determining their verdict, these are all beyond the province of inquiry. And so where this question contains an inquiry which reaches their views and the reasons for those views, either in answer to the special interrogatories or the general verdict, it touches a matter which cannot be inquired into, and the court committed no error in excluding the question.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.