## E. P. UPCHER et al. v. S. B. OBERLENDER.

1. DAMAGES, *Not Proved, How.* Damages cannot be proved by asking the plaintiff how much he was damaged.
2. EVIDENCE—*Excessive Damages.* Evidence examined, and found that damages awarded are excessive, and the judgment unauthorized.

*Error from Elk District Court.*

ACTION by *Oberlender* against *Upcher* and two others, to recover for certain damages caused by defendants' bull. On February 14, 1890, judgment was rendered for plaintiff for $200. The defendants bring the case to this court. The material facts are stated in the opinion.

*A. M. Jackson,* for plaintiffs in error;

The law does not require that a bull shall be kept in confinement, but simply that he shall not "run at large." In this case the bull was placed in an inclosure and not permitted to "run at large," and the fact that he wandered upon the premises of Bright and mingled with the cattle of defendant in error was through his own negligence and carelessness. *Gooding v. A. T. & S. F. Rld. Co.,* 32 Kas. 152.

The most liberal construction as to the measure of damages would not sustain the judgment. Putting the evidence

in the strongest light possible, it would only establish the fact that the bull "served" two cows. If he had killed the cows, this defendant in error could have recovered only $60, as that was all they were worth; or if, as a matter of fact, he had "served" the five head, as alleged in the petition, and had thereby killed them, defendant in error could recover only $150, as that was all they were worth. But we ask, What is the measure of damages in this case? Has there been any injury inflicted?

Has either of the cows served been damaged? If so, how and wherein? The same blood courses her veins, and she licks salt with the same tongue. At the "knell of parting day" she "winds slowly o'er the lea" and views the "night-cap" of the sun with the same eyes, as she gently wags the same tail. And when the sable curtain of darkness drops over the busy scene of the day, she quietly lies down to chew the same cud in the same old way. Surely, as an animal, she is not injured. Then can it be the offspring? But at the very threshold of this question we are met with the perplexing proposition that there has been no offspring, nor does it appear that the cows have ever been impregnated.

Did our bull in any way injure the reputation of the cattle of defendant in error? Reputation is what people say about us. This defendant in error admits himself that he did not tell any person to whom he sold that his cattle had been in bad company or exposed to this bull. There is no evidence that the fact of our bull making a social call on his cattle created any neighborhood scandal. In fact, he sold his cattle as thoroughbred and at the market value, without the purchaser knowing anything about our bull.

Opinion by GREEN, C.: S. B. Oberlender sued E. P. Upcher, M. F. Stevens, and A. S. Burr, as partners, to recover damages alleged to have been sustained in permitting a bull to run at large, and thereby certain Shorthorn cows owned by the plaintiff were served. The evidence establishes the fact that plaintiff placed some 30 head of cattle in a pas-

ture owned by a party by the name of Bright. A short time afterward the defendants placed a herd of western cattle, among which was a bull, in an adjoining field, owned by a man by the name of Osborn. It seems from the evidence that the fence between the two pastures was out of repair, that the bull of the defendants wandered into Bright's pasture and served two thoroughbred cows owned by the plaintiff. The plaintiff soon after sold his cows to different parties, without communicating to the purchasers the fact that his cows had been bred. The case was tried by the court and a judgment was rendered in favor of the plaintiff for $200. The plaintiffs in error bring the case here, and ask a reversal of such judgment.

It is urged that the judgment is excessive, unreasonable, and is not sustained by sufficient evidence. It was established by the evidence that the plaintiff sold his cows in a short time after they had been with the bull in question without knowing that they were with calf, and without informing the purchasers of the fact that they had been "exposed" to a "scrub bull." It seems from the evidence that he obtained the market value for the cows. The plaintiff was asked to fix the amount he was damaged, that he could swear to positively, and he answered $200. This was not a proper way to arrive at the damages claimed. Damages cannot be proved by asking how much a thing is or was damaged. (*W. & W. Rld. Co. v. Kuhn,* 38 Kas. 675; *Town Co. v. Morris,* 39 id. 380.)

It was not a question as to how much the plaintiff had been damaged, but how much less the cows were worth after they had been served than they were before. The highest estimate placed upon the cows by any of the witnesses was $30 per head, and they were in fact sold for $27 apiece. We think it is clear from the evidence that the judgment is excessive. It is recommended that the judgment of the district court be reversed, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.