## MOORE v. PERSSON.

Rev. Code Civ. Proc. § 817, amended by chapter 10, p. 10, Laws 1903, provides that damages may be recovered for injury done by trespassing cattle. Section 819 provides, that the persons sustaining the damages shall notify the owner or person having the cattle in charge of the damages. **Held,** that an allegation in a complaint for damages caused by trespassing cattle that defendant through his agents or servants allowed the cattle to trespass, and that immediately upon taking up the animals plaintiff notified defendant's agents and servants, defendant being then in Canada, and demanded payment of the damages sustained, was sufficient.

A complaint in an action for damages caused by trespassing cattle is not demurrable on the ground that it is not shown that the action was commenced "within 60 days after the infliction of the damages," since such objection under the express provisions of Rev. Code Civ. Proc. § 39, must be asserted by answer.

Where a county was not named or brought within the spirit of Sp. Ter. Laws 1885, p. 245, c. 17 (section 826, Rev. Code Civ. Proc.), providing for the construction of fences, or exempted from the provisions and effects of chapter 38 of the Civil Code of Procedure, known as the "herd law," a person claiming damages caused by trespassing cattle in that county need not plead or prove that plaintiff's lands were inclosed by a lawful fence.

(Opinion filed, April 18, 1907.)

Appeal from Circuit Court, Lyman County. Hon. FRANK B. SMITH, Judge.

Action by George Moore against Per Persson. From a judgment of the circuit court affirming the action of the justice of the peace in sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*Gamble, Tripp & Holman,* for appellant. *William Williamson, Jr.,* and *Gaffy & Stephens,* for respondent.

FULLER, P. J. Whether damages are recoverable for the destruction of growing crops on unfenced land in Lyman county by cattle permitted to graze unrestrained is the ultimate question to be determined on this appeal from a judgment of the circuit court affirming the action of a justice of the peace in sustaining a general demurrer to appellant's complaint.

Measured by the liberal rule of construction applicable to pleadings in justice court, we are inclined to hold that facts sufficient to constitute a cause of action are stated in the complaint, if Lyman

county is not exempt from the operation of what is termed the "herd law," contained in chapter 38 of the Revised Code of Civil Procedure. Section 817 of the act declares that, "except as in this chapter otherwise provided, any person owning * * * any * * * cattle * * * which shall trespass upon the lands of another, or upon lands either fenced or not fenced, belonging to any person or persons other than the owner or owners of such animals, * * * shall be liable to any party or parties sustaining such injury for all damages he, she or they may have sustained or may sustain by reason of such trespassing aforesaid, to be recovered in a civil action before any court having jurisdiction thereof,, in the county where such damages may have occurred. * * * Provided, further, that the party or parties claiming damages under the provisions of this chapter shall bring action in the proper court to recover the same within sixty days after the infliction of such damages."

The first and second paragraphs of the complaint, verified on the 11th day of June, 1906, and thereupon, filed in justice court with proof that the summons was served the following day, are as follows: "That at and prior to the 30th day of May, 1906, plaintiff was leasing, occupying and cultivating the S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of sction 14, in township 105 N., or range 75 W. of the fifth P. M., in Lyman county, S. D., and had a crop of wheat planted and growing thereon; that on said date this defendant was the owner of 10 head of cattle; that the defendant, through his agents and servants, permitted said cattle to trespass upon said land, and the said cattle, ate, trampled down, and destroyed said wheat, to plaintiff's damage in the sum of $30; that plaintiff took up said animals, eight of which he still holds, and from expenses incurred in taking up and keeping said animals he has sustained costs and damages in the sum of $40; that immediately upon taking up said animals plaintiff notified in witing defendant's agents and servants of having taken up and holding said animals, defendant himself being then in Canada, and made demand for the payment of said damages and expenses." Section 819 provides that "the parties sustaining damages done by animals as mentioned in section 817 before commencing an action thereon shall notify the owner or person having in charge such offending animal or animals, of such damages,

the probable amount thereof, provided he knows to whom such animal or animals belong." Rev. Code Civ. Proc. § 819, amended by chapter 10, p. 10, Laws 1903. In support of the decision sustaining the demurrer, it is urged by counsel for respondent that compliance with this condition precedent as to notice is not shown by the complaint, but it seems reasonably clear therefrom that the alleged agents and servants of the defendant, who was then in a foreign country, were the "persons having in charge of such offending animals," and the language employed by the pleader justifies no other inference.

The recitals of the complaint repel the suggestion that the agents and servants upon whom the written notice was served were other than the representatives of the defendant charged with the duty of looking after his cattle. If, as alleged in the complaint, "the defendant through his agents and servants permitted said cattle to trespass upon said lands," it follows by necessary intendment that they were the identical persons having charge of such animals, and the written notice to them fully answered the requirements of the statute in that particular. Having in mind the statutory injunction that in every stage of the action defects in the pleadings which do not affect substantial rights must be disregarded, this court has said: "The defendant and appellant fails to show to this court wherein its substantial rights have been affected by any error or defect of the pleadings or proceeding, if any existed, and, having failed to do so, we must hold that the first assignment of error is not well taken. It must also be borne in mind that the action was commenced in a justic's court, where it is the intent of the law that the practice is to be simplified, to the end that any citizen, with or without any legal attainments or experience, may be enabled to bring his suit, and state his case, without formalities, in an intelligent manner, capable of being understood, without any technicalities surrounding the pleadings or trial of the cause." Kelsey v. Railway Co., 1 S. D. 80, 45 N. W. 204.

It is further urged by counsel for respondent that the complaint is demurrable for the reason that it is not shown upon the face thereof that the action was commenced "within 60 days after the infliction of such damages," but that such an objection is unavail-

able on demurrer and is waived unless properly asserted by way of answer is a matter well settled both by statutory enactment and the decisions of this court. Section 39, Rev. Code Civ. Proc.; Meyer v. School District, 4 S. D. 420, 57 N. W. 68; State ex rel. Berge v. Patterson, 18 S. D. 251, 100 N. W. 162. Into chapter 38 of the Revised Code of Civil Procedure of 1903 the commissioners brought section 817, from which we have quoted, together with the auxiliary provisions relating to the manner of proceeding to enforce collection of damages occasioned by animals trespassing upon lands of another either fenced or not fenced; also certain enactments of the territorial assembly of 1881 and 1885, and a brief reference to an act of the legislative session of 1891, which shall presently receive merited attention. As all other provisions in pari materia were expressly repealed by chapter 199, p. 263, Laws 1903, the various sections of chapter 38, supra, constitute the only law relating to the subject under consideration, so that inquiry into prior special enactments of similar character is of interest only as a matter of legislative history.

To sustain the action of the court below and demonstrate that Lyman county is free range country which must be fenced in order to render the owner of trespassing animals liable to damages, counsel for respondent rely measurably upon the following, which is found in chapter 38:

Section 825. By the provisions of chapter 59, Territorial Session Laws of 1881, the following was enacted and is still in force:

"That the counties of Lawrence, Pennington and Custer, be and the same are hereby exempted from the provisions and effects of chapter 38 of the Code of Civil Procedure of the state of South Dakota, known as the herd law, and of all acts amendatory thereof, and the same are hereby declared to be of no force and effect in said counties, being locally inapplicable.

Section 826. By chapter 17, Special Laws Territorial Session of 1885, the following act to establish a fence law for certain counties was enacted, and is still in force:

"That the counties of Fall River, Custer, Pennington, Lawrence, Butte, Harding, Burdick, Ewing and Bowman, a fence constructed

as hereinafter described shall be sufficient and lawful. By chapter 67 of the laws of 1891 these provisions are extended to all unorganized counties, and to all counties organized since the 12th day of March, 1885."

The first sentences of sections 825 and 826 above quoted are in the nature of explanatory notes, expressing the opinion of the Code Commission and Legislature as to the purpose and validity of the territorial provisions of 1881 and 1885, respectively, but in each of such sections the substantive act of the territorial assembly thus referred to is embodied and enacted in its original form. However, the concluding sentence of section 826, reciting that "by chapter 67 of the Laws of 1891 these provisions are extended to all unorganized counties, and to all counties organized since the 12th day of March, 1885," purports to define the scope and legal effect of a statute no part of which is stated either in that section, or in any other section of chapter 38 or anywhere else in the Revised Code of Civil Procedure of 1903. The province of the Legislature is to enact rather than to interpret laws, and, while its gratuitous construction of a statute may possibly be persuasive, it is certainly not conclusive upon the courts, and when, as in this case, the omitted statute referred to has been expressly repealed, such an expression as the one quoted above is wholly incapable of effectual operation. Lyman county, not being named or brought within the spirit of the act providing for the construction of fences, or "exempted from the provisions and effects of chapter 38 of the Civil Code of the state of South Dakota, known as the herd law," it was unnecessary to allege in the complaint and prove at the trial that appellant's lands were inclosed by a lawful fence.

This view is decisive of the contention that the court erred in sustaining the demurrer; and other questions discussed by counsel require no attention.

The judgment of the circuit court affirming the action of the justice of the peace in sustaining the demurrer is reversed.

CORSON, J., not sitting.