KOPPLIN, Respondent, vs. QUADE, Appellant.

*February 21—March 14, 1911.*

*Appeal: Review: Exceptions: Trespass by bull: Measure of damages:
Remoteness.*

1. Exceptions to rulings of the trial court admitting evidence are
   not available on appeal if no exception was taken to the refusal
   to grant a new trial.
2. The ruling denying a motion.for directed verdict, if excepted to,
   may be reviewed on appeal, although no motion for a new trial
   was made or although a refusal to grant a new trial was not
   excepted to.
3. Where, as the result of a trespass by defendant's common bull,
   plaintiff's thoroughbred heifer was delivered of a calf begotten
   by said bull, the measure of damages was the difference in the
   value of the heifer to plaintiff before and after the trespass, in
   view of the uses which he intended to make of her.
4. It appearing that plaintiff was keeping the heifer for breeding
   purposes and intended to breed her to his registered thorough-
   bred bull, one element of the damages was the difference be-
   tween the value of the calf dropped and the value of a calf from
   the heifer if bred to plaintiff's bull; and evidence of such dif-
   ference was not objectionable on the ground of remoteness.

APPEAL from a judgment of the county court of Jefferson
county: CHARLES B. ROGERS, Judge. *Affirmed.*

*R. W. Lueck,* for the appellant.

For the respondent there was a brief by *Skinner & Thauer,*
and oral argument by *Nicholas Thauer.*

BARNES, J.    On September 14, 1907, the plaintiff was the
owner of a thoroughbred Holstein-Friesian heifer which was
born on January 8, 1906, and had been thereafter duly chris-
tened "Martha Pietertje Pauline." The name is neither
euphonious nor musical, but there isn't much in a name any-
way.    Shakespeare (W.), *Romeo and Juliet,* act II, scene 2.
Notwithstanding any handicap she may have had in the way
of a cognomen, Martha Pietertje Pauline was a genuine

"highbrow," having a pedigree as long and at least as well authenticated as that of the ordinary scion of effete European nobility who breaks into this land of democracy and equality and offers his title to the highest bidder at the matrimonial bargain counter. The defendant was the owner of a bull about one year old, lowly born and nameless as far as the record discloses. This plebeian, having aspirations beyond his humble station in life, wandered beyond the confines of his own pastures and sought the society of the adolescent and unsophisticated Martha, contrary to the provisions of sec. 1482, Stats. (1898), as amended by ch. 14, Laws of 1903. As a result of this somewhat morganatic *mésalliance* a calf was born July 5, 1908. Plaintiff brought this action to recover resulting damages and secured a verdict for $75, upon which judgment was entered, and defendant appeals therefrom.

The case was apparently tried without any clear conception of what the appropriate rule of damages applicable to such an unusual situation was. The charge of the court on the subject was not illuminating or helpful to the jury, but no exception was taken thereto. The defendant requested an instruction which was not accurate, and no exception was taken to the refusal of the court to give it. Certain testimony tending to show damages of doubtful legitimacy was objected to, and exception was taken to the rulings of the court admitting it, but no exception was taken to the order of the trial court refusing to grant a new trial. So the questions which this court can review are very limited. At the close of the testimony the defendant moved for a directed verdict and excepted to the ruling of the court denying such motion. The correctness of this ruling can be reviewed without any motion for a new trial having been made. So as to this question it is immaterial whether the order denying the new trial was excepted to or not. *Beebe v. M.; St. P. & S. S. M. R. Co.* 137 Wis. 269, 118 N. W. 808, and cases cited.

If on the evidence before the court the plaintiff was en-

titled to recover any amount, then the court properly denied the motion. The plaintiff offered testimony tending to show that he kept and intended to keep Martha for breeding purposes and for the milk which she might produce, and not for sale. It also showed that plaintiff was the owner of a blue-blooded bull of the "Holstein-Friesian" variety, to which he intended to breed Martha some three months later than the date of the unfortunate occurrence related. There was evidence tending to show that a thoroughbred calf would be worth all the way from $22.50 to $150, depending on its sex, markings, and other characteristics. Its sinister birth disqualified the hybrid calf born from becoming a candidate for pink ribbons at county fairs, and it was sold to a Chicago butcher for $7 and was probably served up as pressed chicken to the epicures in some Chicago boarding house.

Numerous witnesses testified that a thoroughbred calf had a much greater value than a grade calf, and this evidence is not contradicted in any way. True, the witnesses vary widely as to the amount of such difference in value, but the matter of arriving at an exact amount of compensation in most tort actions is involved in uncertainty and difficulty, and it was for the jury to say on all the testimony what sum would reasonably compensate the plaintiff. This element of damages was direct and proximate and the objection to it on the ground of remoteness is not well taken.

The true measure of damages was the difference between the value of the heifer to the plaintiff before and after the trespass, in view of the uses which the plaintiff intended to make of the heifer. Such a rule furnishes compensation, and this is what the law aims at. There was no direct question asked of any witness as to what such difference would be, but the line of examination pursued elicited at least some if not all of the items or elements of damages that a witness would consider in answering such a question if it were asked. One of those elements would be the difference between the

value of the calf dropped and the value of a calf from the heifer if bred to a registered Holstein-Friesian bull.   It is apparent, therefore, that there was some competent evidence before the jury from which it might properly return a verdict for substantial damages, and that therefore the motion to direct a verdict was properly denied.    Indeed, this result might well follow if the plaintiff were entitled to recover nominal damages only.

. *By the Court.*—Judgment affirmed.