No. 23,182.

G. L. MATTHEWS, *Appellee,* v. R. LANGHOFER, *Appellant.*

SYLLABUS BY THE COURT.

1. TRESPASS—*Scrub Bull Breaking Into Herd of Thoroughbred Heifers—Damages.* The evidence examined, and held to be sufficient to sustain a finding that the defendant's ill-bred bull was not properly restrained, that he broke into plaintiff's pasture and got plaintiff's thoroughbred heifers with calf when they were too young for breeding, greatly injuring them and also prevented the breeding of the heifers for a season to a registered bull of the same breed as the plaintiff had intended.

2. SAME — *Allegations of Petition — Immaterial Variance Between Allegations and Proof.* An allegation in plaintiff's pleading was that he intended to have the heifers bred when they were two years old. Testimony to which no objection was made was introduced to the effect that his purpose was to have them bred when they were 21 or 22 months old. *Held,* that the slight variance could not have prejudiced the defendant and no variance is to be deemed material unless it actually misleads the adverse party.

3. SAME—*Elements of Damage.* The plaintiff was entitled to recover damages for injury to the heifers resulting from the premature breeding and also for the loss of production for a season if they had been bred to a registered bull as plaintiff had intended.

4. SAME—*Impeaching Verdict of Jury.* A verdict of a jury may not be impeached by the testimony of jurors as to the evidence which they considered or rejected or which influenced them in arriving at their verdict.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed December 10, 1921. Affirmed.

*W. E. Broadie,* of Kinsley, for the appellant.
*A. L. Moffat,* of Kinsley, and *F. Dumont Smith,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Damages were sought by plaintiff in this action because the defendant had allowed a scrub bull to run at large, enter his pasture, where thoroughbred heifers about thirteen months old were kept, with the result that seven of them were gotten with calf and these calves, it was claimed, were only worth $15, whereas thoroughbred calves would have been worth $150. The breeding occurred as was alleged and shown when the heifers were about thirteen months old and it is asserted that they should not have been bred until they were nearly two years old. The claim was that the alleged trespass had the effect of stunting their growth and reducing their value. Damages were asked in the sum of $1,295, and the jury awarded the plaintiff $726. The defendant alleges error in the proceedings.

The contention of the defendant is, first, that the verdict is not

supported by the evidence. It is argued that there is a lack of evidence that the bull was in the pasture at the time named by plaintiff. That the inclosure in which the bull was kept by defendant was insufficient and that he had broken out of it several times before was abundantly proven. The plaintiff fixed the time of the trespass at the 27th or 28th of June, 1917. There was testimony that the bull was seen in plaintiff's pasture and in the act of copulating with one of the heifers on one of the latter days of June. A witness fixed the time as of the day on which a certain public sale was held where the witness met the defendant and told him that he had seen a bull in the pasture with plaintiff's thoroughbred heifers and the defendant replied "that is my bull." The defendant offered some testimony to the effect that the bull was at large at a different time, and further, that another bull than his had been in plaintiff's pasture about the time named by plaintiff. There appears to have been sufficient evidence to warrant the jury in finding that the trespass complained of was committed at the time fixed by the plaintiff and it further appears that nine months thereafter seven of his heifers gave birth to ill-bred calves.

There is a contention that the evidence offered constituted a substantial departure from the pleadings. In his petition plaintiff alleged that he had acquired a registered thoroughbred white-faced bull for the purpose of breeding the heifers when they were two years old and the evidence offered was to the effect that he intended breeding them when they were about 21 or 22 months old and it is claimed that this was a fatal variance. The testimony of the plaintiff was that he intended to breed the heifers about January 1 of the year following that in which the trespass occurred, when they would be a little less than two years of age. The case was tried out on the basis that January was the proper time for breeding and that he intended to breed them about January 1, 1917; and this was done without objection from the defendant. If objection had been made on the ground of a variance an amendment of the petition would undoubtedly have been permitted, and as the case was tried without objection the slight variance cannot have resulted in prejudice to the defendant. It was not necessary that the precise time of breeding should be proved as pleaded and it does not appear that the slight variance misled the defendant. A variance between the pleading and proof is not deemed to be material unless it has actually misled the adverse party. (Civ. Code, § 134; *Nordboe v. Frye,* 107 Kan. 291, 191 Pac. 282.) As has been said:

"No prejudice could have resulted to the defendants because of the variance, and, as is often done, the petition may be regarded as amended to conform to the proof." (*Braniff. v. Baier,* 101 Kan. 117, 122, 165 Pac. 816.)

Another complaint of the defendant is that the instructions given as to damages were erroneous. The defendant asked for instructions to the effect that if the jury found for the plaintiff they could not assess damages against the defendant on account of the value of registered calves that might have been born to said heifers instead of the calves that were born to them as the result of the breeding in June, 1917, and that they only could take into consideration the value of the heifers immediately before the breeding and their value immediately thereafter, and assess such damages as they might determine resulted from the trespass of defendant's bull and reduce that amount by whatever value the calves had that were produced by the breeding. Instead of giving these instructions the court advised the jury in effect that if they found the trespass had been committed as alleged they might find as damages the extent of the loss sustained by plaintiff through the breeding of the heifers when they were too young and that this might be determined by finding the difference in the value, if any, of the heifers immediately before they were bred to the scrub bull and immediately thereafter, and they might further find the loss sustained by the ill-timed breeding in the production of thoroughbred calves. A party sustaining an injury through the negligent conduct of another is entitled to fair indemnity for the actual loss sustained. Two elements of damage entered into the loss suffered by the plaintiff, one from injury to the heifers resulting from the premature breeding, and the other from the loss of production of thoroughbred calves if they had been bred to a registered bull at a suitable time, as the plaintiff intended. There was plenty of testimony to the effect that premature breeding when the heifers were only thirteen months old, was a real injury to them. It was to the effect that it would stunt their development and diminish their breeding value for the future. Some said there would be injury to the extent of $75 on each heifer, and others that their value would be depreciated about one-half. The plaintiff contemplated breeding them about January of the following year and we think the injury and depreciation of value was well established by this evidence. The other element was the loss of production for a season. The premature breeding in June, 1917, operated to postpone a breeding at the proper

time and resulted in a loss of production of thoroughbred calves the following year. The loss of production was separate and distinct from the injury to the heifers and the depreciation of their value by the premature breeding, and only by an award of indemnity for both could the plaintiff be compensated for the actual loss resulting from defendant's negligence. Defendant cites as an authority against such an award, *Upcher v. Oberlender,* 50 Kan. 315, 31 Pac. 1080, but there the plaintiff only asked damages for the injuries to the cows that were served by a scrub bull and nothing was claimed for loss of production. In fact the plaintiff had shortly after the trespass sold his cows for their market value without knowing that they were with calf and without informing the purchaser that they had been impregnated by the scrub bull. A case quite closely in point was determined by the supreme court of Wisconsin. There an ill-bred bull broke into plaintiff's pasture where he kept a thoroughbred heifer, which he had intended to breed to a registered bull, and damaged plaintiff by getting the heifer with calf. It was held that plaintiff's measure of damages was the difference between the value of the heifer for breeding purposes before and after the trespass, and, if plaintiff had intended to breed the heifer to a registered bull of the same breed, he could recover the difference between the value of the calf from defendant's bull and of a calf from the heifer if bred to a registered bull. (*Kopplin v. Quade,* 145 Wis. 454.)

Error is assigned on the refusal of the court to admit or consider offered evidence, on the motion for new trial, that the jury had placed their award of damages on the evidence given by a certain witness. The evidence, whatever it may have been, was not included in the abstract; but from the argument concerning it, it would appear that it related to what some of the jurors considered in arriving at their verdict, and hence it was incompetent. It related to evidence considered and followed by the jury which influenced them in deciding the case and essentially inhered in the verdict rendered. Such testimony tends to impeach their verdict and, as frequently decided, is incompetent. (*Perry v. Bailey,* 12 Kan. 539; *L. & W. Ry. Co. v. Anderson,* 41 Kan. 528, 21 Pac. 588; *The State v. Taylor,* 90 Kan. 438, 133 Pac. 861.)

We find no material error in the record and therefore the judgment is affirmed.