## Barnard v. Sweet

430

*Curtin & Heefner,* for plaintiff.

*James Fitzcharles, 3rd,* for defendant.

MONROE, J., September 3, 1963.—This action in trespass is before the court for a second time on preliminary objections consisting of a demurrer and a motion to strike the amended complaint. Under date of July 13, 1962, the court entered an opinion and order sustaining defendant's motion to strike, and motion for a more specific pleading and granting plaintiff leave to amend. See Barnard v. Sweet, 12 Bucks 538.

Three questions are raised by these preliminary objections:

1. Does plaintiff's amended complaint set forth two or more causes of action without stating the same in separate counts as required by Pa. R. C. P. 1020 (a) ?

2. Do the averments of negligent or intentional conduct on the part of the defendant constitute the legal and proximate cause of the harm alleged by the plaintiff?

3. Does plaintiff's complaint aver the existence and invasion of any legally protected interest for which defendant may be held liable?

In brief, plaintiff's amended complaint alleges an oral agreement between her and defendant by the terms of which, for a consideration paid by plaintiff to defendant, plaintiff's registered miniature Dachshund bitch, Kleines Dunkel Eloise was to be mated and bred by defendant's registered miniature Dachshund stud, Aldwin's Danny, only. The complaint further alleges that defendant mated and bred plaintiff's bitch with Aldwin's Danny and with another unknown male dog of unknown and uncertain lineage, whereby plaintiff's bitch whelped four puppies of uncertain and unknown pedigree, which were ineligible for registry with the American Kennel Club and could not be sold as pedigreed miniature Dachshund pups to her loss in the sum of $1,800. Plaintiff also seeks recovery of the stud fee, veterinary fees and costs and travel expenses. The first count alleges that the mesalliance took place because of the intentional conduct of defendant; the second count alleges the damages sustained were due to the negligent conduct of defendant in failing, among other things, to mate and breed plaintiff's bitch with only the defendant's dog.

We see nothing in the amended complaint which violates rule 1020, which provides for pleading in the alternative. The first count states that the negligence of defendant consisted of certain intentional acts; the second count states that the negligence of defendant consisted of certain acts of omission. The fact that the duty of care owed plaintiff by defendant arises out of a verbal contract does not render the complaint defective: 3 Stand. Pa. Prac. 473, §197; Universal Film Exchanges, Inc. v. Hirsh, 21 D. & C. 2d 154 (1960).

In answer to the second question, we believe that the averments of intentional or negligent conduct on the part of defendant constitute the legal cause of the harm alleged by plaintiff. As we said in our prior opinion: "Plaintiff should not be required to allege which mating

produced the pups. It is the inability to register them with the American Kennel Club and to represent them as pedigreed that allegedly results in her loss". Plaintiff's bitch was in the possession of defendant to be bred, i.e., for a productive mating with defendant's stud only. Through defendant's negligent or intentional conduct, a multiple mating took place and the bitch was bred, but by which dog is not known to plaintiff. It is her very inability to point to the father of her bitch's puppies which caused her inability to register them and represent them as pedigreed and, hence, her loss.

While we have been unable to find any cases directly in point in this jurisdiction, an annotation in 79 A. L. R. 2d 677, on the measure and elements of damages for conversion, injury, loss or destruction of livestock, reveals two cases in which the difference in the value of the offspring born as a result of breeding by inferior animals, and the value the offspring would have had had it been sired by a father of equal blood and social standing to that of its mother, has been held recoverable, apparently upon the reasoning that a loss had been sustained as respects the production of valuable offspring.

"Where defendant was charged with allowing his scrub bull to run at large and breed plaintiff's 13-month-old thoroughbred heifers, so that calves of considerably less value were produced than one of them produced by breeding with a thoroughbred bull, and that the heifers should not have been bred until they were two years old, the premature breeding allegedly having the effect of stunting their growth and reducing their value, the court in Matthews v. Langhofer (1921) 110 Kan. 36, 202 P. 634, held that there were two elements of damage which entered into the loss, (1) the injury to the heifers resulting from the premature breeding, and (2) the loss of thoroughbred calves which

would have been produced if the heifers had been bred to a registered bull at a suitable time . . .

"The court in Kopplin v. Quade (1911) 145 Wis. 454, 130 NW 511, held that a proper element of damages was the difference in the greater market value of the thoroughbred calf which would have been born had a heifer been served by a thoroughbred bull as intended, and the calf which was in fact born due to breeding by a scrub bull" : 79 A. L. R. 2d 709.

Plaintiff is not basing her claim on any allegation of a change in value or condition of her bitch but on her loss of profits which she would have obtained if defendant had acted according to the terms of the contract. The existence of a legally protected interest in the production of valuable offspring is demonstrated in the foregoing cases. See also, Restatement of Torts, §927.

For this reason, we believe that the amended complaint states a cause of action and the demurrer should be overruled, and the motion to strike, except for paragraph 11 of the amended complaint, should be denied. Count 1 of the amended complaint, paragraph 11, avers:

"By reason of the foregoing mesalliance, and whelping of said pups by said KLEINES DUNKEL ELOISE as set forth above, the Plaintiff suffered embarrassment and humiliation to her loss and detriment".

We have been unable to find any cases in this jurisdiction in which recovery has been allowed for humiliation, disappointment, anxiety or mental suffering unintentionally caused by defendant when unconnected with physical injury or physical impact. The law seems to be to the contrary: Gefter v. Rosenthal, 384 Pa. 123 (1956) ; Bosley v. Andrews, 393 Pa. 161 (1958). Nor have we found any Pennsylvania cases supporting Restatement of Torts, §905 comment (d) Humiliation for an intentional tort, except in the special fields of libel and slander.

## 434

*Order*

And now, September 3, 1963, defendant's demurrer is overruled, defendant's motion to strike is allowed only insofar as paragraph 11 is concerned, and defendant is given 20 days from the date of the filing of this opinion in which to file an answer.