HALL, Respondent v. UMIKER, Appellant

(209 N.W.2d 361)

(File No. 10946. Opinion filed July 12, 1973)

Martens, Goldsmith, May, Porter & Adam, Pierre, for plaintiff and respondent.

Stephens, Riter, Mayer & Hofer, Pierre, for defendant and appellant.

DOYLE, Justice.

This action was brought by the plaintiff against the defendant whereby the plaintiff sought damages for a trespass of defendant's bulls. The action was tried before a Potter County South Dakota jury and a verdict of $11,000 rendered in favor of the plaintiff. The plaintiff during the months of July, August, and September of 1967, maintained a 310-acre pasture in which he ran 86 head of high quality registered Angus cattle cows. The defendant had an adjoining pasture in which he maintained a herd of cattle and horned Hereford bulls. The pastures were separated by a 4-wire fence. The defendant's Hereford bulls trespassed into the plaintiff's pasture on several occasions during the breeding season and thus impregnated a number of plaintiff's registered Angus cows. Defendant was aware of this situation and to remedy the problem he suggested to the plaintiff that he construct additional fencing to restrain the bulls from trespassing into the pasture. It further appears that a registered Angus bull owned by the plaintiff was also injured by defendant's Hereford bull in such a manner as to render the Angus bull useless for breeding purposes and it became necessary for the plaintiff to dispose of the Angus bull.[1]

There was evidence that the offspring of the plaintiff's registered Angus cattle became valueless as registered animals due to the exposure to defendant's Hereford bulls. This by reason of the fact that it would be impossible to precisely ascertain the true breeding of offspring of the cows. The evidence showed 24 of the plaintiff's Angus cows produced calves with definite Hereford markings, thus, at least 24 Angus cows were serviced by the defendant's Hereford bulls. There was testimony, by recognized experts in the Angus cattle field, as to the value of plaintiff's Angus cows before and after exposure to the Hereford bulls.[2] It

---

1. The Black Angus bull, McGregor by name, was purchased as a 2-year-old for $1000. At the time of the injury he had an estimated value of $3000, and was sold at an auction sale for $288.01.

2. John Porter testified that the value of the herd prior to exposure was $64,500 and the value of the herd after exposure was $43,000, a difference of $21,500. Clayton Jennings testified the herd was worth $850 per head before exposure and $550 per head after exposure, a difference of $25,800.

also appears from evidence adduced that the offspring were, in fact, not registered by the plaintiff but were sold as unregistered commercial cattle.

The plaintiff brought this action alleging trespass under the provisions of SDCL 40-28-4 which reads as follows:

"Except as in this chapter otherwise provided, any person owning or having in his charge or possession any horses, mules, cattle, goats, sheep, or swine, which such animals shall trespass upon the land, either fenced or unfenced, owned by or in possession of any person, or being cropped by any person injured by such trespass, shall be liable to any such person injured for all damages sustained by reason of such trespassing."

This statute was first enacted as Chap. 244, Laws of 1907, and this court in Houska v. Hrabe, 35 S.D. 269, 151 N.W. 1021, held the act to be declaratory of the common law. The rule at common law is stated at 3 C.J.S. Animals § 185 a, p.1290:

"* * * the owner of domestic animals * * * is by the common-law under an absolute duty to keep them restrained on his own premises, and is liable for their trespasses upon the land of another; and this is so regardless of whether the lands trespassed upon were or were not inclosed, except where it can be shown that, because of prescription, agreement, or assignment, a duty existed to keep the lands trespassed upon fenced.

"Under the above rule the liability of the owner for damages resulting from trespasses committed by his animals upon the lands of others is absolute, and depends in no degree upon the question of his negligence * * *."

Under the statute, this is so whether the land be fenced or unfenced. Moore v. Persson, 21 S.D. 290, 111 N.W. 633, see also 3 C.J.S. Animals § 205, p. 1317.

In his answer defendant pleaded, among others, the following defenses:

"IV. That Plaintiff failed to construct, repair or maintain partition fences between land owned or lease[d] by him, and land owned or leased by the Defendant, although having been requested so to do. * * *

"VI. That Defendant requested Plaintiff to build and erect his own fence between the lands of Plaintiff and Defendant, if Plaintiff was not satisfied with the fence which had been erected by the Defendant, but Plaintiff failed so to do.

"VII. That on occasion livestock owned by the Plaintiff has trespassed upon land owned by the Defendant.

"VIII. That Plaintiff has been guilty of negligence and can not recover in that he failed to build, erect, repair and maintain a fence as required of him by the laws of the state of South Dakota and, by failure so to do, he assumed the risk of damage by animals owned by the Defendant and others in trespassing upon his land.

"IX. That the Plaintiff was guilty of contributory negligence in that he failed to erect a fence of his own sufficient to protect his cattle.

"X. That if the Defendant was guilty of negligence, which he denies, the negligence of the Plaintiff was more than slight in comparison with the negligence of the Defendant."

 Upon motion of the plaintiff, under SDCL 15-6-12(f), the defenses set forth were ordered stricken by the court. This the defendant contends to be error in that the motion was made more than 20 days after service of the pleading. The applicable statute also provides the court upon its "own initiative at any time, * * * may order stricken from any pleading any insufficient defense * * *." The defenses thus stricken by the court are predicated upon the contention that the plaintiff was under a legal obligation to fence or that plaintiff had conducted himself in a negligent manner. The allegations enumerated were properly

stricken by the court as insufficient defenses in that the law holds the owner of cattle strictly liable for trespass on the lands of another even if the defendant be free from negligence. 61 Am.Jur.2d, Pleading, § 213, p. 633, and 71 C.J.S. Pleading § 465, p. 971.

■ The defendant further contends error in the measure of damages adopted by the court in *Instruction No. 6:*

> "The measure of damage in this case, is the difference between the reasonable cash market value of the cows and heifers as thoroughbred registered Angus female cattle for breeding purposes immediately before the defendant's bulls served them, or exposed them to cross-breeding, and the reasonable cash market value after service, or exposure to cross-breeding by defendant's bulls.
>
> "The reasonable cash market value is that amount a buyer, willing but not compelled to buy, would pay a seller, willing but not compelled to sell, for cash or its equivalent."

The measure of damages, as set forth in the court's instruction, is proper. Kopplin v. Quade, 1911. 145 Wis. 454, 130 N.W. 511; Baum v. County of Scotts Bluff, 169 Neb. 816, 101 N.W.2d 455; 4 Am.Jur.2d, Animals, § 146, p. 397; Madison v. Hood, 207 Iowa 495, 223 N.W. 178.

Affirmed.

BIEGELMEIER, C. J., and WOLLMAN, J., concur.

HANSON, J., and MILLER, Circuit Judge, dissent.

MILLER, Circuit Judge sitting for WINANS, J., disqualified.

HANSON, Justice (dissenting).

The jury was allowed to award, as damages, the difference between the market value of plaintiff's registered Angus breeding stock before and after they were serviced by defendant's Hereford bull.

In my opinion this was an improper measure of damages. The record does not disclose that any of plaintiff's heifers and cows were harmed, injured, or damaged by the amorous activities of defendant's bull. Therefore, the damages allowable should have been confined to the difference in value of the 1967 mixed bred calves which could not be registered as purebred Angus. Belau v. Buss, 48 S.D. 595, 205 N.W. 669. Also see Kopplin v. Quade, 145 Wis. 454, 130 N.W. 511.

I would therefore affirm as to the issue of liability and reverse and remand with reference to the issue of damages.

MILLER, Circuit Judge, concurs in this dissent.