**Robert TILL and Judith Till, Plaintiffs and Respondents,**

v.

**Robert BENNETT, Defendant and Appellant.**

**No. 12520.**

Supreme Court of South Dakota.

Argued April 23, 1979.

Decided July 18, 1979.

---

Wally Eklund of Johnson, Johnson & Eklund, Gregory, for plaintiffs and respondents.

Dudley R. Herman of Herman & Wernke, Gregory, for defendant and appellant.

MORGAN, Justice.

This is an appeal from a judgment of the Circuit Court for the Sixth Judicial Circuit, Mellette County, upon a jury verdict which awarded respondents $2,650 actual damages and $2,300 punitive damages as a result of appellant's cattle trespassing upon respondents' land. Appellant appeals the judgment contending that the court erred in striking his defense of contributory negligence and in allowing the issue of punitive damages to go before the jury. We affirm.

Prior to the spring of 1975, appellant had leased two adjacent tracts of land from the Bureau of Indian Affairs. These two tracts were used for pasture and were separated by a fence which was located approximately thirty feet north of the division line between the north and south tracts. In the spring of 1975, respondents began leasing the south tract from the Bureau of Indian Affairs, while appellant retained the north tract. Some time before the spring of 1977, respondents broke up the sod on the south tract and in the spring of 1977, they planted the field to cane, a sweet cattle feed. Respondents, however, in plowing and planting, did so right up to the fence line separating the two tracts, thereby converting the thirty-foot strip south of the fence line, which was part of appellant's leasehold, to their own use. As the summer progressed and the cane grew, there were numerous instances when appellant's cattle got into respondents' cane field. Testimony as to the frequency and duration of these problems varied from infrequent short incidents to nearly constant, week-long incidents. Similarly, testimony as to how the cattle got into the field and what effort appellant made to remedy the situation was conflicting and divergent. On August 15, 1977, respondents' attorney formally notified appellant of the injury and the probable amount of damages as required by SDCL 40–28–6 and, shortly thereafter, respondents served and filed a summons and complaint demanding damages as provided for in SDCL 40–28–4.[1] Appellant filed his an-

1. SDCL 40–28–4 reads as follows:
Except as in this chapter otherwise provided, any person owning or having in his charge or possession any horses, mules, cattle, goats, sheep, or swine, which such animals shall trespass upon the land, either fenced or unfenced, owned by or in possession of any person, or being cropped by any

swer and thereafter an amended complaint and amended answer were served and filed. Appellant, in his amended answer, pleaded the defense of contributory negligence on the part of the respondents in trespassing on appellant's thirty-foot strip of land and planting cane on that strip, thereby causing appellant's cattle to "get the taste" of the cane, which led to the damages alleged. Respondents moved that appellant's defense of contributory negligence be stricken, which motion was granted by the circuit court. The matter was tried before a jury and respondents were awarded damages as enumerated above.

Appellant first contends that the circuit court erred in striking the defense of contributory negligence from his amended answer.

■ The concept of strict liability for damage done by domestic livestock is deeply rooted in the common law and SDCL 40–28–4 is declarative of South Dakota's adoption of that principle. *Houska v. Hrabe*, 35 S.D. 269, 151 N.W. 1021 (1915). This court, in *Hall v. Umiker*, 87 S.D. 362, 209 N.W.2d 361 (1973), reiterated that principle and, in a case very similar to the one at bar, held that negligence on the part of the plaintiff is no defense to an action based upon SDCL 40–28–4. In that case, the defendant had pled the defense of contributory negligence and failure of the plaintiff to fence his land. We affirmed the action of the trial court in striking the defenses stating:

The defenses thus stricken by the court are predicated upon the contention that

the plaintiff was under a legal obligation to fence or that plaintiff had conducted himself in a negligent manner. The allegations enumerated were properly stricken by the court as insufficient defenses in that the law holds the owner of cattle strictly liable for trespass on the lands of another even if the defendant be free from negligence. (Citations omitted.)

209 N.W.2d at 363.

We find *Hall v. Umiker*, supra, to be applicable and controlling in this case. The concept of strict liability and contributory negligence are at least somewhat conflicting and we are convinced that the holding in *Hall* is sound. See *Smith v. Smith*, 278 N.W.2d 155 (S.D.1979).

■ Appellant's second contention is that the court erred in allowing the issue of punitive damages to go before the jury. First, we must determine whether the matter was properly preserved and is properly before us on appeal, since we will not review a matter on appeal unless proper objection was made before the trial court. *Stark v. Stark*, 79 S.D. 178, 109 N.W.2d 904 (1961).

Appellant contends that the court erred in giving jury instruction 9 which authorized the jury to award punitive damages.[2] There is nothing in the record, however, to indicate that the instruction was objected to by appellant.[3] The only objection pertaining to the issue of punitive damages voiced by appellant at any time covered by the record was his motion that respondents' request for punitive damages be stricken

---

person injured by such trespass, shall be liable to any such person injured for all damages sustained by reason of such trespassing.

2. Jury instruction 9 reads as follows:

One who has suffered injury to his person or property through the malice of another, may recover, in addition to his actual damage, damages for the sake of example and by way of punishing such other party.

In order to find a party guilty of malice, it is necessary that his conduct be intentional, done with an evil mind and he wished to injure another; but such malice may be either actual or presumed from all of the material facts.

If you find that exemplary damages should be allowed, then in determining the amount, you should consider all of the attendant circumstances, including the nature, extent and enormity of the wrong, the intent of the party committing it, the amount allowed as actual damages, and, generally, all of the circumstances attending the particular act involved, including any mitigating circumstances which may operate to reduce without wholly defeating exemplary damages.

3. The transcript ordered by appellant does not include any portion of the record of settling the instructions.

from the amended complaint. That motion was denied.

Even if this court were to determine that appellant's contention is preserved, it appears that the trial court should be sustained in giving said instruction to the jury. SDCL 21–3–2 provides that:

> In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, or in any case of wrongful injury to animals, being subjects of property, committed intentionally or by willful and wanton misconduct, in disregard of humanity, the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant.

In *Hannahs v. Noah*, 83 S.D. 296, 303, 158 N.W.2d 678, 682 (1968), this court stated the general rule in this state to be that:

> "[E]xemplary damages are recoverable in all actions for damages based upon tortious acts which involve circumstances or ingredients, of malice, fraud, or insult, or a wanton and reckless disregard of the rights of the plaintiff."

and that:

> "Malice as used in reference to exemplary damages is not simply the doing of an unlawful or injurious act, it implies that the act complained of was conceived in the spirit of mischief or of criminal indifference to civil obligations."

Further, it is well-settled that malice may be inferred from the surrounding facts and circumstances. *Hannahs v. Noah*, supra.

In the present case, there was considerable testimony and evidence that the fence line gate was consistently and deliberately left open and that well-worn trails of beaten-down cane originated at the gate opening and spread throughout the field. This and other evidence indicating a "wanton and reckless disregard" of plaintiff's rights is sufficient to warrant the jury instruction for exemplary damages and to support the verdict.

The judgment of the circuit court is affirmed.

All the Justices concur.